# JAMES KEATING

*v.*

# BRIDGET KEATING.

1. DIVORCE—*mode of decreeing alimony.* In cases of divorce, the better mode of decreeing alimony is, unless special reason to the contrary exist, by an annual allowance, to be held under the control of the court.

2. SAME—*giving the fee in land.* In this case the wife was given as alimony, the fee in a portion of the husband's real estate, and the decree was sought to be sustained on the ground the property was bought with her money, which was not the fact; it was directed that she have a life estate, or an annuity, but not the fee.

WRIT OF ERROR to the Recorder's Court of the city of Chicago; the Hon. EVART VAN BUREN, Judge, presiding.

This was a suit for a divorce, instituted in the court below, by the defendant in error, Bridget Keating, against the plaintiff in error, James Keating. The complainant obtained a decree, and the court gave to her, as alimony, the fee of

premises belonging to the defendant, besides a sum of money. The extent and form of the allowance of alimony is objected to, and assigned as error by the defendant, who brings the case to this court by writ of error.

Messrs. DENT & BLACK and Mr. M. A. RORKE, for the plaintiff in error.

Mr. WM. T. BUTLER, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

It is assigned as error in this case, that the court gave to the complainant, as alimony, the fee of the premises known as 205 Third avenue, instead of a life estate, besides a sum of money, said premises constituting more than one-half of the defendants property. The counsel for defendant in error seek to justify this on the ground that these premises were bought with her money. The only proof of this is a recital in the decree, that the material allegations of the bill had been proved, which may have been intended, by the court, to apply to the grounds upon which the divorce was claimed, that being the main question in issue. The evidence heard by the court, and preserved in the record, on a motion to modify the decree in regard to alimony, indicates a contrary state of facts. If the property was not bought with her money, there was nothing in the case calling for a divestiture of the husband's fee. As we said in *Von Glahn* v. *Von Glahn*, 46 Ill. 134, unless there are special reasons to the contrary, an annual allowance, to be held under the control of the court, is the better mode of decreeing alimony. So much of the decree as gives the complainant the fee in said premises, is reversed, and the court will either give complainant a life estate in the premises, or an annuity, payable quarterly, in money, and secured upon the property.

*Decree modified.*