## CONRAD ROSS

*v.*

## ELIZA ROSS.

1. ALIMONY—*amount allowed.* Courts of equity will act upon a rule of just and fair proportion of the alimony allowed, to the estate of the defendant, in rendering a decree for alimony.

2. A decree which gives to the complainant as alimony, substantially, all of the defendant's property, is manifestly wrong.

3. SAME—*vesting the fee in the wife.* The practice of vesting the fee of real estate in the wife, by a decree for alimony, although sometimes sanctioned by this court under special circumstances, is objectionable.

4. Unless there are special reasons to the contrary, the better mode of decreeing alimony is, by an annual allowance, to be held under the control of the court, secured upon the property, or a life estate in the property.

5. SAME — *for purpose of paying defendant's debts.* Where a decree for alimony gave to the complainant, substantially, all the defendant's property, and ordered her to pay his debts, it was evident that a portion of the alimony allowed was for the purpose of paying such debts, and it was *held*, that such decree was without precedent, and unwarranted.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. SABIN D. PUTERBAUGH, Judge, presiding.

Messrs. COOPER & BASSETT, for the plaintiff in error.

Messrs. CRATTY BROS., for the defendant in error.

- Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for divorce, brought by Eliza Ross, against Conrad Ross, to the March term, 1871, of the Peoria circuit court, alleging, as grounds of divorce, habitual drunkenness for two years, and extreme and repeated cruelty on the part of the husband. The bill was taken for confessed, and a decree of divorce granted at that same term.

Objections are taken by Conrad Ross, the plaintiff in error, to so much of the decree as relates to the allowance of alimony to the complainant.

The court below decreed the custody of the children to the complainant, they being four in number, the oldest twelve and the youngest two and a half years old; and decreed that the complainant have for permanent alimony all the personal property of the defendant, except such notes as he owned, and that she should have all his real estate in fee; that she should pay the costs of the suit and all the debts of the defendant which he owed at the time of the commencement of the suit.

The bill alleged that the defendant owned a stock of groceries in the store where he carried on business, and other personal property, amounting in value to about $2000, and certain described real estate, worth $3000 or upwards, describing it, consisting of various lots in sundry additions to the city of Peoria.

This is all the showing of any kind that there is in the record as to any property of the defendant. There is no proof whatever preserved in the record, if any were had.

The decree is manifestly wrong in the extent of alimony allowed the complainant. Nothing appears as to the amount of the notes left to the defendant, but, from the showing of the bill, we can not suppose them to have been of much amount, so that the decree took for alimony, essentially, all of the defendant's property.

Bishop, in his work on Marriage and Divorce, vol. 2, 463

(5th ed.), lays it down that " the rule as to proportion of alimony to income, as settled in England, ranges from one-half —which is the highest, but not unfrequently allowed where the bulk of the property came originally from the wife, and where there is no power in the court to restore any part of it *in specie*—to one-third, between which points it appears mostly to vibrate, though at some times considerably lower."

This serves to show, that there is some rule of just and fair proportion of the alimony allowed, to the defendant's estate, which courts of equity act upon in the allowance of alimony— that they do not take all of the defendant's property. There was here an entire disregard of any such rule.

The mode of allowance of alimony in vesting the fee of real estate in the wife is objectionable. While such practice has, in some instances, been sanctioned by this court, it has been under special circumstances. In *Von Glahn* v. *Von Glahn*, 46 Ill. 136, and *Keating* v. *Keating*, 48 id. 241, such practice was disapproved of, and it was said, that unless there are special reasons to the contrary, an annual allowance, to be held under the control of the court, is the better mode of decreeing alimony. In the latter case, the decree of the lower court, giving the complainant the fee of certain real estate instead of a life estate or an annuity secured upon the property, was reversed, the court remarking: "If the property was not bought with her (complainant's) money, there was nothing in the case calling for a divestiture of the fee," and see *Russell* v. *Russell*, 4 Green (Iowa), 26.

Another unwarranted feature of the decree was, in decreeing the payment by complainant of the defendant's debts. We know of no precedent for such a decree.

Some part of the allowance of alimony, how much being entirely uncertain, must have been for this unwarranted purpose of paying the defendant's debts.

The decree, so far as it respects the allowance of alimony, the injunction against the defendant with regard to his property, and the payment of the defendant's debts, will be re-

versed, and in all other respects it is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

*Decree reversed in part.*