WILLIAM E. ROBBINS

*v.*

MARTHA J. ROBBINS.

*Filed at Mt. Vernon January 18, 1882.*

1. DIVORCE—*alimony—decreeing husband's land to wife.* On cross-bill by a wife for a divorce from her husband, it appeared that the husband's real and personal property was worth about $26,000. On granting the divorce the court gave the wife, for herself and two children, as alimony, $3000, to be paid in ninety days, and a like sum to be paid in eighteen months, and by the decree gave her the title in fee to 160 acres of his land. On petition of the husband for a modification of the decree, it appeared that he had paid a judgment to the wife's father of $1390 for her support; that he had paid the first $3000, and the other $3000 had been paid by a sale of 240 acres of his land, which sale had passed redemption; that the balance of his lands was incum-

bered by a claim of dower held by his mother, and that the income derived from them was small, and that the value of the lands had decreased thirty per cent since the final decree; and that none of his property had been derived from or through his wife. The petition was denied: *Held*, that it was error to decree the wife the quarter section of land, and that the $6000 allowed by the court was quite as large a sum as should have been allowed.

2. Where the husband has obtained no money or property through his wife, and she has contributed nothing to make the property, the court is not justified, on any principle, in decreeing to the wife the title in fee to a portion of his lands, on a divorce. It might be otherwise if the wife, at the time of the marriage, or during coverture, acquired money which passed into the hands of the husband, and he invested it in real estate.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. BREWER & HOFFMAN, and Mr. J. C. ALLEN, for the plaintiff in error, contended that the court allowed the wife too large a sum as alimony, and that as she brought no property to the marriage, it was error to decree her the title to 160 acres of land in addition to the very liberal allowance in money. *Keating* v. *Keating*, 48 Ill. 241; *Ross* v. *Ross*, 78 id. 402; *Russell* v. *Russell*, 4 Green, (Iowa) 26; *Dinet* v. *Eigenmann, Admr.* 80 Ill. 274; *Stewartson* v. *Stewartson*, 15 id. 145; 46 id. 135.

Alimony should be reasonable and fair, in view of all circumstances. The wife should be held to labor for her own support and that of her children, and not indulged in idleness. The rule as to alimony varies, according to circumstances, between a one-half, which appears to be the highest in extreme cases, down to a small proportion of the estate. And the cases where the court has awarded to the wife a large amount, either in gross or real estate, are when she brought money, personal or real property to the husband, or contributed largely by her industry or economy to the increase of his estate. In support of the view here presented, we cite the following cases: 2 Bishop on Marriage and Divorce, 464, 429, secs. 463, 464; *Andrews* v. *Andrews*, 69 Ill. 609;

*Ross* v. *Ross,* 78 id. 402; *Parker* v. *Parker,* 61 id. 369; *Daily* v. *Daily,* 64 id. 329; *Foote* v. *Foote,* 22 id. 425; *Wheeler* v. *Wheeler,* 18 id. 39; Hurd's Stat. of 1880, 424, sec. 18.

Messrs. BELL & GREEN, and Mr. AARON SHAW, for the defendant in error:

There was no error in decreeing to the wife a sum in gross for alimony, and in making it payable in two installments. This has been expressly sanctioned by this court in a number of cases. *Plaster* v. *Plaster,* 47 Ill. 290; *Draper* v. *Draper,* 68 id. 17; *Dinet* v. *Eigenmann,* 80 id. 274.

In decreeing a divorce, at the suit of the wife, the circuit court has the power to assign to her, as alimony, a part of the real estate of the husband. *Armstrong* v. *Armstrong,* 35 Ill. 109; *Stewartson* v. *Stewartson,* 15 id. 145; *Wheeler* v. *Wheeler,* 18 id. 39; *Bergen* v. *Bergen,* 22 id. 189; *Joliff* v. *Joliff,* 32 id. 527.

There may, sometimes, be a question as to the propriety of vesting in the wife a portion of the husband's real estate in fee; but in that regard each case must rest upon its own merits. The conduct of the parties may very properly be taken into consideration upon the question of alimony. *Stewartson* v. *Stewartson,* 15 Ill. 145; *Becker* v. *Becker,* 79 id. 532; *Bergen* v. *Bergen,* 22 id. 187.

All the cases in this court that question the propriety of vesting a portion of the husband's real estate in the wife, in fee, must be restricted to the peculiar circumstances of those cases. The power and right of the court are admitted. They were cases in which the court had given to the wife the greater part of the husband's property. *Keating* v. *Keating,* 48 Ill. 241; *Von Glahn* v. *Von Glahn,* 46 id. 134; *Ross* v. *Ross,* 78 id. 402.

There is no inflexible rule by which to determine the amount of alimony in a case like this. It must rest entirely in the sound judicial discretion of the chancellor, and his

determination will not be disturbed unless it is manifestly wrong. It will be granted in proportion to the wants of the party asking it, and the ability of the party who is to pay it. *Foote* v. *Foote*, 22 Ill. 425; *Joliff* v. *Joliff*, 32 id. 527.

In many of the following cases a moiety of the husband's property was given to the wife as permanent alimony: *Cook* v. *Cook*, 1 Eng. Ecc. R. 178; *Smith* v. *Smith*, id. 244; *Otway* v. *Otway*, id. 203; *Kirby* v. *Kirby*, 1 Paige Ch. 261; *Priner* v. *Priner*, 1 Rich. Eq. (S. C.) 282; *McCrockin* v. *McCrockin*, 2 B. Mon. 372.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill for divorce, brought by William E. Robbins, in the circuit court of Lawrence county, against Martha J. Robbins. The ground for divorce alleged in the bill was desertion. The defendant put in an answer to the bill, in which she denied the desertion charged by complainant. She also filed a cross-bill, in which she charged that complainant had, without just cause, abandoned and deserted her, and refused to contribute to the support of herself and two small children, upon which ground she prayed for a divorce, and for alimony. On the hearing, the court dismissed complainant's bill, and decreed a divorce in favor of the defendant, on the allegations contained in the cross-bill.

On the question of alimony, the court found, as appears from the recitals in the decree, that the complainant was possessed of real and personal property of about the value of $26,000, and upon this finding rendered a decree that complainant pay the defendant $3000 in ninety days from the date of the decree, and the further sum of $3000 in eighteen months from the date of the decree. The court further decreed that the following real estate owned by complainant, to-wit: the south-east quarter of section 5, in town 3 north, range 12 west, in Lawrence county, containing 160

acres, be, and the title to the same is, vested in defendant, her heirs and assigns forever. The decree was made a lien on all the lands of defendant, and he was decreed to pay all costs. The complainant in the bill paid the costs of the litigation, and paid the $3000 first ordered to be paid, and he also paid a judgment amounting in the aggregate to $1390, which had been rendered against him before the decree was rendered, in favor of defendant's father, which was recovered for the alleged support of the defendant. After these payments had been made, and at the February term, 1878, of the circuit court of Lawrence county, complainant filed a petition asking for a modification of the decree, and a reduction of the alimony. The court, after hearing the testimony on the petition, denied the relief, and dismissed the petition. The defendant, for the purpose of reversing the decree of the circuit court, in so far as it relates to the alimony allowed, sued out this writ of error.

From the evidence heard on the petition for a reduction of the alimony, it appears that complainant's money and personal estate have been mainly expended in the payment of the $3000 first named in the decree, and in payment of the judgment obtained by defendant's father; that in default of payment of the second installment of $3000, a special execution issued and was levied upon 240 acres of complainant's lands, which were sold and bid off by the defendant. The redemption expired, and a deed was made to her in pursuance of the sale. It also appears that the balance of his lands are incumbered by a claim for dower and homestead on behalf of his mother, and the income derived from them is small. It also appears that the value of complainant's lands has decreased at least thirty per cent since the decree for alimony was rendered.

Sec. 18, chap. 40, Rev. Stat. 1874, entitled "Divorce," provides: "When a divorce shall be decreed, the court may make such order touching the alimony and maintenance

of the wife, the care, custody and support of the children, or any of them, as from the circumstances of the parties and the nature of the case shall be fit, reasonable and just. * * * And the court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and the care, custody and support of the children, as shall appear reasonable and proper."

Under this statute cases may arise where it would be proper and just for the court to decree a sum in gross for alimony, or a part of the husband's real estate in fee to the wife. If at the time of the marriage, or during coverture, the wife acquires money which passes into the hands of the husband, and he invests it in real estate, when she obtains a divorce it would be only justice to her to decree the title to land thus obtained to her. But where the husband has obtained no money or property through the wife, and she has contributed nothing to make the property, we are aware of no principle upon which a court would be justified in decreeing to the wife the title in fee to a portion of his lands. As was said in *Dinet* v. *Eigenmann*, 80 Ill. 274: "Where the wife brings nothing to the husband, and contributes little or nothing to the accumulation of her husband's fortune, she has no just claim to share in a division of property; but under the law, where the husband was in fault, he is bound to support her according to his circumstances and condition in life; and in such case it is proper that such support be afforded by an annual, half-yearly, or quarterly allowance of a fixed sum so long as she lives, or until supervening circumstances render it improper." In *Ross* v. *Ross*, 78 Ill. 402, it was held, that "the practice of vesting the fee of real estate in the wife by decree for alimony, although sometimes sanctioned by this court under special circumstances, is objectionable." In *Von Glahn* v. *Von Glahn*, 46 Ill. 134, a similar question arose, and the court held: "Where the property of the husband was accumulated by him before marriage, and the wife

brought no property to him upon the marriage, it would be unjust to decree to her as alimony, after decree of divorce, a large amount of the husband's property absolutely." The same principle is announced in *Keating* v. *Keating,* 48 Ill. 241.

In view of these authorities, can the decree for alimony in this case be sustained? It is true the evidence upon which the decree was granted has not been preserved and incorporated into the record, but from the petition presented to obtain a modification of the decree, and from the evidence introduced in support thereof, it sufficiently appears that the property and money possessed by Robbins when the decree was rendered came to him by descent from the estate of his father, and that no part of his property was derived from his wife, or came to him through her labor or exertion. Under such circumstances, while it was proper that Robbins should be decreed to pay to his wife for her support and the support of his children a reasonable sum of money as alimony upon the granting of a divorce, yet we are of opinion that it was error to decree the wife the title to the quarter section of land named in the decree.

From the evidence presented on the hearing of the petition to modify the decree, we are of opinion that the $6000 allowed by the court as alimony when the divorce was granted was quite as large a sum as in equity should have been allowed. As to the south-east quarter of section 5, township 3 north, range 12 west, the decree will be reversed. In all other respects it will be affirmed.

*Decree reversed in part and in part affirmed.*