ANDREW WILSON

*v.*

MARY O. WILSON.

*Filed at Springfield March 28, 1882.*

ALIMONY—*giving lands in fee—extent of allowance.* Where the wife brings no means into the marriage, and derives none by inheritance afterwards, but the property accumulated is made through the husband, it is not proper, on granting the wife a divorce, to give her part of the husband's real estate in fee. In such case the court should inquire into the condition,

necessities and resources and income of the parties, respectively, and direct, for the time being, the custody and use of the homestead and household goods as may seem just and proper, and fix such alimony, to be paid from time to time, as the proofs may show to be fitting, and within the power of the defendant to pay. It seems that such alimony should not exceed one-half of the husband's income.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mary O. Wilson filed a bill against her husband, Andrew Wilson, for divorce, charging habitual drunkenness; also, extreme and repeated cruelty. · He answered, denying the charges, and filed a cross-bill, seeking a divorce upon charges made therein against his wife, of adultery. Her answer denies these charges. The issues were tried by a jury, and a verdict rendered in favor of the wife upon all the issues. After overruling a motion for a new trial, the circuit court dismissed the cross-bill, and rendered a decree granting the wife a divorce, upon her original bill, and upon a subsequent hearing made orders' granting to the wife alimony, and property in lieu of alimony, the particulars of which appear in the opinion of the court. Andrew Wilson brings the record here on error, and seeks a reversal of the decree.

Mr. WM. A. DAY, and Mr. FRANCIS M. WRIGHT, for the plaintiff in error.

Mr. J. E. CONE, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The proofs upon the trial before the jury are all preserved in the record, and the instructions given to the jury, and we are asked to hold that the circuit court erred in refusing to grant a new trial. After a careful consideration of the same, we find no sufficient ground to sustain this position. It is true that the proofs in support of the charges against the

plaintiff in error are not of a very conclusive character, and might well have permitted a different finding, but we can not say that the jury were not warranted in the conclusion at which they arrived. It is also true that the circumstantial evidence against the wife was quite forcible, still the contradictory testimony was positive, and if true, fully supported the finding in her favor on the issues under the cross-bill. We find no ground for reversing the decree granting the divorce.

As to the disposition made in the matter of alimony by the decree, we think the circuit court erred. The proofs show that Andrew Wilson is a man who has lost one leg, is unable to work on a farm, and has no trade or profession, and they do not show affirmatively any capacity in him to earn money. It further shows that his wife had no property at the time of their marriage, and it does not appear that she has received any since from any person other than her husband. It shows that since their marriage her husband bought a lot, taking a conveyance of the title to her, which she now holds, and on which is a shop; that this property is rented at $96 a year. The value of this shop property is variously estimated by the witnesses at from $400 to $600. The rental value would seem to indicate that it is worth at least $600, for at that price its rent amounts to sixteen per cent upon the price. Its purchase price a few years ago was $850.

The entire property of the husband consisted of, first, a homestead, worth at least $750, it would seem from the proofs; second, of the equity of redemption in eighty acres of land worth about $2500, subject to a mortgage for $1120, which was then due, indicating the value of this equity as about $1400; and third, of the furniture in the homestead, worth, say $275. By the decree as to alimony the wife is given the fee in the homestead, worth, say $750,—with all its furniture, worth, say $275,—leaving her the owner of the shop bought with his money, worth $600, amounting in all

to not less than $1625, while the plaintiff in error was left without money, but owning an equity of redemption in eighty acres of land, worth, say $1400, and burdened with an order of the court to pay to appellee, or her counsel, $100, and otherwise in debt to the amount of $1050—in all $1150. This decree leaves him, if he has success in selling his equity in the land at its value, worth about the sum of $250, with which to begin life anew,—in other words, the worldly possessions of both the parties, at the time of the decree, amounted in value, over the debts and liabilities, to about $1875, all acquired by the means of the husband. Of this value, by the decree, she is given in perpetuity about six-sevenths thereof, and to him is left about one-seventh. This does not seem to have been a reasonable or equitable adjustment of the equities.

Again, while it has been said that under some circumstances .it may be the province of the court to give to the divorced wife a portion of property in fee, in the adjustment of alimony, yet certainly it ought not usually to be done. Alimony proper is a share, for the time being, of the income, or the payment of an annuity in installments, for the support of the wife, and should usually be kept in such condition that the same may be, from time to time, modified by such order of the court as changes of condition may, from time to time, indicate to be proper and reasonable. We see nothing in this case to take it .out of the regular and general rule, or to authorize a departure therefrom.

Bishop on Marriage and Divorce says, that "the rule as to proportion of alimony to income, as settled in England, varies from one-half (which is the highest, but not unfrequently allowed where the bulk of the property came originally from the wife, and where there is no power in the court to restore any part *in specie,*) to one-third, between which points it appears mostly to vibrate, though at some times considerably lower." In *Ross* v. *Ross*, 78 Ill. 404, it is said: "If the

property was not bought with the wife's money, there is nothing in the case calling for a divestiture of the fee." Indeed, the cases are very rare where the fee in lands held by the husband should ever be required to be transferred to the wife, unless she has some special equity in that particular land, arising from the purchase having been made with her money, or from some other cause, substantially placing the husband in the position as to that property equivalent to that of a trustee holding in his name for the wife, or in a position in its nature equitably equivalent thereto. In such cases, though the form of the decree may be that of adjusting the question of alimony, the substance is more in the nature of the enforcement of a trust. There is nothing in this case of that character. The property of the husband here not only was not bought with her money, but she holds property in her name bought by him with his own money. The income from that property ought to be taken into consideration in fixing alimony for her, and the amount to be enjoyed annually by her, including the income from this property to which she has title, ought not to exceed, in any event, the one-half of the sum of his income and that income, added together.

So much of said decree of the circuit court in this case as grants to the said Mary O. Wilson the fee of the lot four (4), in block five (5), in the original town of Philo, and so much thereof as gives to her the title to the household goods and furniture pertaining to the then home of the said Andrew Wilson and said Mary O. Wilson, and so much of that decree as requires a conveyance to be executed by said Andrew Wilson, or by the master in chancery, transferring the title to said lot from said Andrew Wilson to said Mary O. Wilson, is therefore reversed and set aside, and in all other respects the decree of the circuit court is affirmed, and the cause must be remanded, with directions to the circuit court to inquire, by the oath of witnesses, into the present condition

and necessities, and into the present resources and income, of the parties, respectively, and to make such order, not inconsistent with the views herein expressed, as to the custody and use, for the time being, of the homestead property, and of the household goods and furniture, as may seem just and proper, and make such further order as to alimony, to be paid to complainant from time to time, as may appear from the proofs to be fit, and within the power of defendant to pay.

*Decree reversed in part and in part affirmed.*