ENOCH H. RAYMOND

v.

MIRANDA M. RAYMOND.

1.  ALIMONY.—In a decree for alimony, care should be taken to so adjust it upon the property of the husband, that the least possible injury may result to him, consistent with a proper provision for the wife.

2.  INEQUITABLE DECREE.—Where the circumstances are such that the wife would be as fully protected and receive just as large an income, by making her allowance a charge upon real estate, it is inequitable to decree to her one half of her husband's property absolutely, including in that por-

Raymond v. Raymond.

tion bank stock which constituted all the available means possessed by the husband to prosecute his business or discharge his obligations.

APPEAL from the Circuit Court of LaSalle county; the Hon. J. McROBERTS, Judge, presiding. Opinion filed February 9, 1883.

Mr. W. BUSHNELL and Mr. THOS. C. FULLERTON, for appellant; that although an allowance to the wife is discretionary with the court, yet it is a judicial and not an arbitrary discretion which is to be exercised, cited Foote v. Foote, 22 Ill. 426; Wilson v. Wilson, 102 Ill. 297.

An annual allowance, secured by lien upon husband's property is now held to be a better mode of decreeing alimony than to give the wife the fee in the lands set apart to her: Von Ghlan v. Von Ghlan, 46 Ill. 143; Keating v. Keating, 48 Ill. 242; Ross v. Ross, 78 Ill. 402.

In exceptional cases a gross sum in lieu of alimony is allowed: Dinet v. Eigenmann, 80 Ill. 276; Ressor v. Ressor, 82 Ill. 442.

It was error to decree so large a sum in gross, and in addition give an annual allowance: Davis v. Davis, 19 Ill. 343; Wheeler v. Wheeler, 18 Ill. 40; Plaster v. Plaster, 47 Ill. 291; Bergen v. Bergen, 22 Ill. 187; Armstrong v. Armstrong, 35 Ill. 109; Becker v. Becker, 79 Ill. 532; Robbins v. Robbins, 101 Ill. 416; Stewartson v. Stewartson, 15 Ill. 145.

Mr. D. B. SNOW and Messrs. MAYO & WIDNER, for appellee; that the conduct of the parties may properly be taken into consideration upon the question of alimony, cited Stewartson v. Stewartson, 15 Ill. 148; Deenis v. Deenis, 79 Ill. 74.

As appellant is divorced for his own misconduct, he is barred of any estate of dower in the real estate of appellee: R. S. 1880, Chap. 41, § 14.

A decree of one half the real estate in fee is not inequitable when the wife by her industry has contributed in acquiring the property: Mussing v. Mussing, 104 Ill. 126.

PILLSBURY, P. J. This is an appeal from a decree of the

circuit court dissolving the marriage between the parties for the fault of the husband, and awarding alimony to the wife.

The errors assigned do not question the action of the court in granting the divorce, consequently we are relieved of the necessity of examining the evidence in the record upon which that portion of the decree is based, any further than it may have a bearing upon the equities of the parties in the proper adjustment of alimony.

At the time of their marriage in 1846, the husband possessed in money and property about $850, and the wife $40 in money and some few household articles of no great value. Shortly after their marriage they came to LaSalle county where the husband bought a quarter section of land, paying therefor the sum of $400, and moved upon it and commenced its improvement. Here they remained for ten years, both laboring hard for their mutual benefit, the wife at times assisting her husband in farm work besides attending to her household duties. They then sold the farm for $5,000, and took up their residence in the city of Ottawa, where they resided together until the separation in December, 1881.

During his residence in Ottawa the appellant has been engaged in the business of a grain merchant, owning and operating a grain warehouse, and was prosecuting such business when the bill was filed in this case, but being enjoined in this proceeding from using his only available security to obtain money to buy grain, he was obliged to cease operating his warehouse until the final determination of this suit. Besides supporting himself and wife, they having no children, he has accumulated property estimated at time of the hearing to be worth about $14,000, consisting of the homestead, which he upon its purchase gave to his wife, and had the deed executed to her; lots 5 and 6 in block 14, Ottawa, upon which are two dwelling houses; the warehouse occupied by him in his business; eighty acres of land worth $2,000, but encumbered for $1,000; thirty shares of the capital stock of the First National Bank of Ottawa, worth $4,800, upon which the bank had a lien for $2,000; some personal property probably worth $500, and household furniture of about the same value.

In decreeing permanent alimony the court awarded the appellee the bank stock, subject to the payment of the amount for which it was pledged, an annuity of $120, and made it a lien upon the north half of lots 5 and 6, confirmed her title to the homestead barring the husband's dower therein, gave her all the household goods used by them in their homestead, and ordered him to pay her solicitors $300 for prosecuting the suit.

A careful examination of the record before us compels the conclusion that this decree is not in all its provisions a proper adjustment of the equities of the parties, when considered in the light of the circumstances surrounding them, and the condition of the property awarded to each of them.

As we read the evidence Mrs. Raymond has obtained by the decree at least one half of the property absolutely, and included in that portion is all the available means possessed by the husband with which he could either prosecute his business or discharge the obligations resting upon him. He owes $1,000 upon his land, the costs of this litigation, and $300 to her attorneys, with no prospect, so far as we can see, of being able to satisfy such claims.

Besides, this bank stock was his only capital in business; with it to use as collateral security at the bank he has been enabled to obtain accommodations that have assisted very materially in making his business successful, and the dividends upon his stock exceeding the interest he has been obliged to pay for money to use in his trade, the arrangement has proved very advantageous to him. If he be allowed this capital and with it prosecute his business, no reason is perceived why, with his experience, he may not be able to pay his debts out of the proceeds thereof, without trenching to any great extent upon his means invested in it.

Deprived of the means to conduct such business, his warehouse, its chief value being in its use by him, must remain idle, as it has since the restraining order was granted herein, and instead of returning a fair income from its use, its value will be almost destroyed.

We recognize the justice of the rule that where a divorce is granted the wife, and the husband being possessed of, or able to earn sufficient means to furnish the wronged wife a comfortable support it should be decreed her, but at the same time it should be remembered, that in decreeing such future support, care should be taken to so adjust it upon the property of the husband, that the least possible injury may result to him, consistent with such proper provision for her.

It does not appear that Mrs. Raymond has any special interest or equity in this bank stock, that calls upon the court acting upon equitable principles to award it to her absolutely. She is not possessed of any such business qualifications that induce the belief that the money would be more productive in her hands than in his, in fact it is not claimed that she could do any better with it than loan it at simple interest, while it is quite apparent, from the results obtained from its use by Mr. Raymond that he can cause it to yield a far greater return.

Furthermore this money was earned by him, and if he should survive his wife, they having no children, it does not seem equitable that it should be distributed to her collateral kindred in preference to his enjoyment of it during life and then to be distributed to his heirs.

The condition of the property is such that the interests of Mrs. Raymond can be fully protected and she receive as large an income as allowed by the decree without bearing so severely upon the husband. Lots five and six are rented for $400, per year, and nothing appears to indicate that such an amount will not be derived from them in the future, and under the circumstances of this case, we think the court should have allowed to her such a sum, as would, with the $300 derived from the homestead which she retains under the decree, furnish her a fair liberal support, and an examination of the evidence leads us to conclude that a fair, equitable division of the income from all the property possessed by them, would make such annuity about the sum of $250.

As he saw proper to invest her with the title to the homestead, and the court barring her of her dower in his lands, we

are not disposed to question the equity of the decree in depriving him of his interest in the homestead, but beyond this we see no reason to justify a departure from the general rule in awarding alimony as announced in Wilson v. Wilson, 102 Ill. 297.

That portion of the decree awarding Mrs. Raymond the bank stock will be reversed, and in all other respects the decree will be affirmed, and the cause will be remanded to the circuit court, with directions to increase the annuity already decreed to two hundred and fifty dollars, payable in such installments as the court shall ascertain will be for her best interests, and make such annuity a charge on lots five and six, described in the bill and decree.

Decree affirmed in part and in part reversed and remanded with directions. The costs of this court are adjudged against appellant.