THOMAS B. SHAW

*v.*

AZILDA SHAW.

*Filed at Ottawa November 14, 1885.*

1. STRIKING ANSWER *in chancery from the files—in suit for divorce.* It is error to strike a defendant's answer to a bill of divorce from the files, after it has been filed by counsel, merely upon proof of a communication sent by the defendant to his solicitor, which the latter never received, to let the suit go by default.

2. ALIMONY—*whether by annual allowance, or land in fee.* Under the decisions of this court the practice has been, unless for special reasons,—as,

where the property has been bought with the wife's money, or where the proof shows the property has been accumulated by the personal labor of the wife,—to give her an annual allowance or life estate in the real property of the husband, to be held under the control of the court, and not to give her the fee to the husband's real estate as alimony, on a decree of divorce.

WRIT OF ERROR to the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

This was a bill for divorce, brought by the appellee, against the appellant, alleging extreme and repeated cruelty, and habitual drunkenness, for a period of over two years. The defendant, by his counsel, filed his answer to the bill, denying the material charges, and charging her with improper conduct and neglect of duty, and alleging condonement of all grounds of complaint up to a day stated.

In the absence of the defendant and his counsel, the court heard the following testimony, to-wit: James H. Goard says: "I am deputy sheriff of Jo Daviess county, Illinois, and well acquainted with Thomas B. Shaw, the defendant. On November 14, 1884, I had a conversation with Shaw, in which he told me he would not appear or make any defence in this cause, and directed me to see Moses Rees, his attorney, who had filed his answer, and tell him to let the case go by default. I communicated this to Rees, who replied that he would pay no attention to it, and would go on with the case unless he received a written order from Shaw. On November 24, 1884, I had another conversation with Shaw, in which he read to me the letter hereto attached, marked 'Exhibit A,' and said, 'Give this to Mr. Rees,—I guess that ought to satisfy Mr. Rees.'"

The letter is as follows:

"ELIZABETH, ILL., ————, 188–.

"Mr. REES—*Kind Sir:* Please let that suit go by default, and oblige. T. B. SHAW."

It was indorsed, "filed Nov. 24, 1884." Thereupon the court ordered the answer to be stricken from the files, and the defendant's default was taken.

Messrs. BEDFORD & REES, for the plaintiff in error.

Messrs. D. & T. J. SHEEAN, and Mr. McHUGH, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It was error to strike the answer of defendant from the files, and render a decree against him as on default. It had been filed by counsel, and presumably with the consent of defendant. It was not withdrawn by defendant, nor by his counsel, in open court, nor by any written communication addressed to the court. The only written authority from defendant was a letter or note directed to his counsel, but which was never delivered. Had it been delivered to his counsel, as it was expected would have been done, on further consultation it might have been deemed best to allow the answer to stand. Be that as it may, there was no sufficient reason shown for striking the answer from the record.

In the decree providing alimony for complainant, the court vested the fee of certain lots, on which there were situated a hotel, barn, and other buildings, in her, on condition she would pay to defendant the sum of $500, in sums of $50 every six months, from the entering of the decree until the whole sum should be paid. There is no evidence in the present record that would seem to warrant the divestiture of the fee of the real estate that was in the husband, and placing it in the wife. Under the decisions of this court, the practice has been, unless for special reasons,—as, where the property was bought with the wife's money, and, it may be added, in cases where the proof shows the property was accumulated by the personal labor of the wife,—to give her an annual

allowance or life estate in the real property, to be held under the control of the court. Nothing contained in this record would warrant a departure from the rule so generally observed in such cases. There would seem to be some equitable consideration, in support of the decree in this respect, but as the case now comes before this court there is nothing that would warrant a departure from the usual rule on this subject. *Keating* v. *Keating*, 48 Ill. 241; *Ross* v. *Ross*, 78 id. 402; *Von Glahn* v. *Von Glahn*, 46 id. 136.

The decree will be reversed, and the cause remanded.

*Decree reversed.*