## Charles Wooley
### v.
## Minerva E. Wooley.

*Divorce—Alimony* Pendente Lite—*Allowance of Gross Sum—Solicitor's Fees—Discretion—Desertion.*

1. The exercise of the power to make allowances to the wife, pending a bill for divorce, for the support, during the litigation, of herself and the children in her custody and care, and for the payment of her solicitor's fees and other expenses of suit, is within the judicial discretion of the court wherein such bill is pending. In such cases this court will not interfere, unless there has been an abuse of discretion.

2. The power to require the husband to pay alimony *pendente lite* is not affected by the statutory right of the wife to control her separate property and to enjoy her own earnings.

3. The allowance of alimony *pendente lite* does not depend upon the wife's absolute right to a divorce. She is only required to show probable ground for a divorce. The court will not, upon a preliminary motion and upon *ex parte* and contradictory affidavits, undertake to determine the issues presented by the pleadings.

4. Under some circumstances, a gross sum for temporary alimony and support may be allowed.

### [Opinion filed December 9, 1887.]

Appeal from the Circuit Court of Kendall County; the Hon. C. W. Upton, Judge, presiding.

Mr. Charles Wheaton, for appellant.

Messrs. Hopkins, Aldrich & Thatcher, and P. C. Hawley, for appellee.

Baker, J. On the 23d day of June, 1885, Minerva E. Wooley exhibited her bill, for a divorce, against Charles Wooley, her husband, charging him with extreme and repeated cruelty. He filed an answer denying the charges in the bill, a d also filed a cross-bill for a divorce, in which he charged that his wife had wilfully and without any reasonable cause

deserted him for more than two years, and alleged that she, on or about the first of June, 1882, wholly disregarding her marriage vows, and without any cause, had left his bed and wholly refused to cohabit with him, and from that time and for more than three years last past, had refused to sleep with and cohabit with him, and continued so to refuse until June 10, 1885, when she, without any cause, left his house and home, and abandoned him. The substance of the answer of the wife to the cross-bill was that she had refused to sleep or have sexual intercourse with her husband for over three years for the reason he had a venereal disease and she was afraid of contracting such disease, and also on account of his extreme and repeated cruelty to her. In respect to the matter of a refusal of copula amounting to desertion, reference may be had to 1 Bishop on Marriage and Divorce (5th edition), Secs. 778 to 782, inclusive.

On the 19th day of January, 1887, the Circuit Court, upon the petition of the wife for temporary support and alimony *pendente lite*, and for money to pay expenses of litigation and solicitors' fees, decreed that the husband, within sixty days, pay to the wife, or to the clerk of the court for her use, the sum of. $300, for her support and the support of the two minor children of the parties to the suit, who then were and ever since the filing of the original bill had been living with her, and to enable her to prepare her cause for trial, and further decreed that he, within the same period, pay $200 to her solicitors on account of their fees in the litigation.

The present appeal is from this order of the court for alimony *pendente lite* and for solicitors' fees.

The fifteenth section of the Divorce Act provides that in all cases of divorce the court may require the husband to pay to the wife or pay into court for her use during the pendency of the suit, such sum or sums of money as may enable her to maintain or defend the suit; and that in every suit for a divorce, the wife, when it is just and equitable, shall be entitled to alimony during the pendency of the. suit. The thirteenth section provides that the court may make such order concerning the custody and care of minor children of the

parties during the pendency of the suit as may be deemed expedient, and for the benefit of the children.

The exercise of the power to make allowances to a wife, pending a bill for divorce, for the support during the litigation of herself and the children in her custody and care, and for the payment of her solicitors' fees and other expenses of suit, is a matter that is left to the judicial discretion of the court in which the bill is pending; and appellate tribunals are not warranted in disturbing the decree of such court in that regard unless the circumstances are such as to quite clearly indicate there has been an abuse of discretion.    Foss v. Foss 100 Ill. 576.

The ground is taken by appellant that no alimony whatever should have been given to appellee.   It is urged that since the present statute, concerning husband and wife, went in force, giving the wife control of her separate property and the benefit of her own earnings, the husband is under no obligation to sup, port the wife when she ceases to cohabit with him.   A sufficient answer to the elaborate argument made by counsel in that behalf is found in the fact that the power to require the husband to pay alimony during the pendency of the suit is expressly conferred by the statute.   Nor does the allowance of temporary alimony depend upon the wife's absolute right to a divorce; probable ground for a divorce is all that she is required to show.   Jenkins v. Jenkins, 91 Ill. 167.   This probable ground for a divorce was shown upon the hearing of the motion by the affidavit of appellee herself and the affidavits of several other persons who were intimate with the family and well acquainted with the relations that had existed for a long space of time between her and her husband, and their conduct toward each other.   The fact a large number of counter affidavits were filed does not necessarily show the order for alimony was improperly made.   The court could not assume upon a preliminary motion and upon *ex parte* and contradictory affidavits to determine the issues made upon the bills and answers.   Waiving any question in respect to the sufficiency of the allegations of the cross-bill to entitle appellant to a divorce, it would seem the answer of appellee

thereto sets up good and sufficient cause for refusing to have sexual intercourse with appellant.

It is further urged that giving appellee $300, in gross, for temporary alimony and support was erroneous. Von Glahn v. Von Glahn, 46 Ill. 134; Keating v. Keating, 48 Ill. 241; Ross v. Ross, 78 Ill. 402, and Shaw v. Shaw, 114 Ill. 586, cited by appellant, were all cases of decrees for alimony entered under the provisions of section 18 of the Divorce Act, upon the rendition of final decrees for divorce. The general rule is that alimony should consist of a stated amount to be paid at fixed periods, either annually, semi-annually, quarterly, monthly or weekly, as the court may deem most advisable. In exceptional or special cases, the fee of real property of the husband, or a life estate in such property, or a sum of money in gross, may be awarded as alimony. Armstrong v. Armstrong, 35 Ill. 109; Dinet v. Eigenmann, 80 Ill. 274. In case of an allowance for mere alimony *pendente lite* it would be absurd to suppose a court would vest in the wife either the fee of the husband's real property or a life estate therein. Instances, however, quite frequently arise in applications by the wife during the pendency of suit for divorce, for an allowance to pay the expenses of litigation and of temporary support, when it is eminently just and equitable that the allowance made should be a sum of money in gross. We are not prepared to hold that the present is not such a case. Appellee was in poor health and unable to earn a livelihood for either herself or the two children who were in her charge; one of these children was about nine and the other about seven years of age at the hearing of the motion; and the husband had at that time provided nothing for either her or their support for over eighteen months. She had no money, property or means of her own, unless it be the property rights which she claimed in her bill, and which were in the possession and control and stood in the name of her husband. It appeared that many of her witnesses resided out of the county in which the suit was pending, and that it would require at least $50 to take their depositions or procure their attendance at court. Deducting this $50 from the amount adjudged by the court to be paid to her, it would leave less than $14 per month to pay for the sup-

port and maintenance of herself and two children during the time that had already elapsed since the filing of the original bill. Appellant was the owner of a farm containing two hundred and forty-eight acres of land, worth from $40 to $50 an acre ; and according to his own admission he was worth $6,400 over and above his indebtedness. Under the circumstances of the case, we think it was eminently proper to make an allowance of $300 in gross, in order to enable the wife to prepare her case for trial and pay the expenses of the maintenance of herself and children. She had already, at the time of the decree, been vainly endeavoring for a year or more to obtain an order for temporary pecuniary relief.

It is also claimed that the allowance of $200 for solicitor's fees was excessive. We do not so regard it—either from the standpoint of the financial condition of appellant, or from that of the character and extent of the legal services then already performed and that would thereafter be required. At the time of the decree for alimony and solicitors' fees the divorce suit had been pending in the court for more than eighteen months, and although no trial upon the merits of the cause had been reached, yet numerous hotly contested controversies had arisen in the course of the litigation and had been settled by orders made both in term and in vacation, and a voluminous record of some 200 pages already made.

We find no error in the record, and the order and decree of the Circuit Court is affirmed.

*Affirmed.*