## Mary C. Martin, Defendant in Error, v. James Henry Martin, Plaintiff in Error.

### Gen. No. 20,575.

1. DIVORCE, § 110*—*when modification of decree awarding alimony is proper*. Where a provision for alimony in a decree takes the form of a weekly, monthly or yearly allowance, the power is expressly reserved by statute to modify such provision at any time according to the varying circumstances and needs of the parties, but where the decree awards a sum in gross for alimony, it is final and cannot be modified by the chancellor at subsequent term.

2. DIVORCE, § 99*—*what is proper method of allowing alimony*. The ordinary and better method of awarding alimony is by an annual allowance, payable at such intervals as may best suit the convenience of the husband and meet the demands of the wife, such allowance being made upon the basis of the support and maintenance of the wife only, it being the duty of the husband to suitably support her.

3. DIVORCE, § 99*—*when allowance of gross sum as alimony is proper*. To support a decree awarding a gross sum to the wife as alimony there must be some equitable consideration sufficient to warrant a departure from the usual rule governing the allowance of alimony, and the allowance should be made on the basis of support only, where the evidence does not disclose special equities in favor of the wife.

4. DIVORCE, § 101*—*when allowance of alimony in gross is erroneous as to amount*. An award in gross of $15,000 as alimony held erroneous, where the evidence showed that the only property of the defendant was a vested remainder in an estate which came to him through the will of his grandfather.

5. DIVORCE, § 135*—*when allowance of solicitor's fees is error*. An allowance of $1,000 for solicitor's fees in a divorce action is erroneous where there is no evidence as to the amount of services performed, or the value of the same.

Error to the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed in part, reversed in part. Opinion filed October 6, 1915.

HENRY J. GIBBS, for plaintiff in error.

SHERIFF, DENT, DOBYNS & FREEMAN, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Martin v. Martin, 195 Ill. App. 32.

MR. PRESIDING JUSTICE SCANLAN delivered the opinion of the court.

Mary C. Martin, the defendant in error (hereinafter called the complainant), filed a bill for divorce against James H. Martin, plaintiff in error (hereinafter called the defendant), in the Superior Court of Cook county. The bill charges habitual drunkenness, and it further alleges that no children were born to the marriage and that the defendant is in receipt of an annual income of $2,500 and "she is informed and believes has an interest in two estates, worth $100,000." The defendant was personally served with summons but failed to file an appearance or answer and a default was entered against him. The cause came on for hearing before the Honorable Mazzini Slusser, acting as one of the chancellors of the said court. Ample evidence was introduced to prove the charge of drunkenness, in fact, the defendant does not question the propriety of the decree, in so far as it grants a divorce to the complainant. The complainant testified that the defendant had no property at that time, but that he would inherit some; that he told her he would inherit $150,000 at the death of his mother. There was no testimony as to the income of the defendant. Evidence was introduced to the effect that the defendant had a vested remainder interest in a certain valuable estate in Tennessee; that the said interest was willed to the defendant by his grandfather and that the defendant would come into the enjoyment of the same upon the death of his mother. No evidence was introduced as to the amount or value of the services of the solicitors for the complainant. The decree provided "that the defendant pay to the complainant the sum of $1,000 as and for her reasonable solicitor's fees and suit money, together with the costs of this proceeding, and also the sum of $15,000 as alimony for the said complainant, and that execution issue therefor." The

decree was entered October 4, 1913, and on February 20, 1914, the defendant filed a petition before the Honorable John M. O'Connor, one of the chancellors of the said court, praying for a modification of that portion of the decree in regard to alimony and solicitor's fees. Upon a hearing, the chancellor found that there was "no material change in the circumstances of the defendant since the entry of the decree, except that now the said defendant is receiving a salary of $100 a month, while at the time of the entry of the decree, he was receiving no salary whatsoever," and the motion to modify the decree was denied. The defendant sues out this writ of error.

No complaint is made as to the action of the last-mentioned chancellor in denying the motion to modify that portion of the decree in regard to alimony and solicitor's fees, and it is plain that the chancellor acted properly in that regard. Where the provision for alimony in the decree takes the form of a weekly, monthly or yearly allowance, the power is expressly reserved by the statute to modify such a provision of the decree at any time, according to the varying circumstances and needs of the parties, but in the present case the decree awarded a sum in gross for alimony, and such a decree is final, and the chancellor before whom the motion to modify was made had no power to change the same, the term at which the decree was entered having gone by. *Plotke v. Plotke,* 177 Ill. App. 344.

The defendant contends that the present case was not a proper one in which to award alimony in gross. Section 18 of the Divorce Act (Illinois Statutes, ch. 40, J. & A. ¶ 4233) reads as follows:

"When a divorce shall be decreed the court may make such order touching the alimony and maintenance of the wife, the care, custody and support of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just. * * * And the court may, on

application, from time to time, make such alterations in the allowance of alimony and maintenance,   *   *   * as shall appear reasonable and proper.''

The ordinary and, as has been frequently said, the better method of awarding alimony is by an annual allowance payable at such intervals as may best suit the convenience of the husband and meet the demands of the wife. If the wife has no other claim than that which arises from the existence of the marriage relation, an allowance payable in the method stated, and which remains within the control of the court to increase or diminish from time to time as shall appear reasonable and equitable, is the proper mode of granting alimony. *Von Glahn v. Von Glahn,* 46 Ill. 134; *Griswold v. Griswold,* 111 Ill. App. 269; *Ross v. Ross,* 78 Ill. 402; *Keating v. Keating,* 48 Ill. 241; *Shaw v. Shaw,* 114 Ill. 586. Many other cases to the same effect might be cited. The allowance under this practice is made upon the basis of the support and sustenance of the wife only, it being the duty of the husband to suitably support and maintain her.

It has been repeatedly held that in certain cases it is proper under this statute to decree a sum in gross for alimony, providing justice and equity, in view of all the circumstances in the case, require it. To illustrate: Where the wife has brought money or property to the husband, or where property has been accumulated by the joint efforts of the husband and wife, it has been held to be a proper practice to award the wife a sum in gross as alimony. This practice is predicated upon the theory that in such cases equity and justice demand that the wife should share in the estate of the husband, and that the amount of the alimony be determined not merely by the necessities of the wife but also by the equities of the case. The decretal order, in such cases, in form, adjusts only the question of alimony, but in substance it also enforces the equitable rights of the wife. The practice in this State

seems to be well established that to support a decree awarding a gross sum to the wife as alimony there must be some equitable consideration sufficient to warrant a departure from the usual rule governing the allowance of alimony, and that the allowance should be made on the basis of support only, where the evidence does not disclose special equities in favor of the wife. *Dinet v. Eigenmann,* 80 Ill. 274; *Von Glahn v. Von Glahn, supra; Robbins v. Robbins,* 101 Ill. 416; *Ross v. Ross, supra; Shaw v. Shaw, supra; Cole v. Cole,* 142 Ill. 19.

Tested by the above rules, it is clear that the chancellor who entered the original decree erred in allowing the complainant $15,000 in gross as alimony, as the evidence shows that the only property of the defendant was a vested remainder in an estate which came to him through the will of his grandfather.

The defendant also contends that as there is no evidence in the record as to the amount of the services performed by the solicitor for the complainant, or the value of the same, that the chancellor erred in allowing to the complainant $1,000 for solicitor's fees. This contention is also meritorious.

For the reasons stated the decree of the Superior Court of Cook county, in so far as it relates to the allowance of alimony and solicitor's fees, is reversed, and in all other respects it is affirmed, and the cause will be remanded.

*Affirmed in part, reversed in part and remanded.*