## SAMUEL P. HADDON, APPELLANT, VS. CAMILLA E. HADDON, APPELLEE.

### DIVORCE—ALIMONY PENDENTE LITE—WHEN GRANTED—JUDICIAL DISCRETION IN GRANTS OF SUBJECT TO REVIEW.

1. Two things must concur, and must be made to appear before a court is justified in making any allowance to the wife in divorce proceedings for alimony *pendente lite* and for counsel fees: (1) A necessity therefor must appear on the part of the wife, from her want of means, or of sufficient means to maintain herself during the litigation and with which to employ counsel; (2) and it must also appear that the husband has the pecuniary ability to supply that necessity. If it appears in such a case that the applicant wife has abundant means or property of her own, that is under her control and at her disposal, out of which to maintain herself and to employ counsel, then the necessity for the allowance is wanting, and it should be denied.

2. The granting or withholding of allowances for alimony *pendente lite* and counsel fees in divorce proceedings is discretionary with the court to whom the application therefor is made, it is not an arbitrary discretion, but a judicial one, to be exercised in accordance with well established rules of law wisely adapted to the facts appearing in each particular case; and when the discretion is abused, it is a matter from which an appellate court will grant relief.

Appeal from the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Sparkman & Sparkman*, for Appellant.

No Appearance for Appellee.

TAYLOR, J.:

This appeal is from an interlocutory decree rendered on the 11th of June, 1889, in a suit for divorce brought by Camilla E. Haddon, the appellee, against her husband Samuel P. Haddon, the appellant, whereby he was required to pay to the complainant the sum of $100 for her support during the pendency of the suit, and the further sum of $100 for her counsel fees in the prosecution of the suit. The bill is brought by the wife and alleges that there are five living children, the issue of the marriage, the oldest of whom is eighteen years of age, the next one seventeen, the next two (twins) twelve years old, and the youngest eight years old. The grounds of divorce are the habitual indulgence in violent and ungovernable temper, and cruelty on the part of the husband towards the complainant wife, and prays for absolute divorce and custody of the children. The decree appealed from was made upon a sworn petition filed by the complainant, supported by her own and other affidavits, in which petition she alleges that she is "wholly destitute" of the means of supporting herself and the said minor children during the pendency of the suit; and, upon information and belief, she alleges that the husband (appellant) has real estate and personal property to a large amount, to-wit: upwards of $5,000, and amply sufficient to en-

able him to pay such sums as may be necessary for her support and to conduct the suit; and that he has an annual income from his labor as a book-agent of about $700.

At the hearing before the judge below of the application it appeared, from the undisputed facts presented by affidavits and documents of record, that about one year before the complainant exhibited her bill for divorce, she and the defendant sold and conveyed all but about three acres of what then remained of a homestead tract of land situated in or quite near to the city of Tampa, that belonged to the husband for the sum of $10,050. That about one thousand dollars of this amount was paid to a real estate agent as commissions for affecting the sale. That of the balance of the purchase price the sum of $4,505.37 was turned over by the husband to the wife, as she says, in consideration of her execution of the deed to their homestead and consent to its sale. That at the same time; and, as she says, upon the same consideration, he conveyed to her, through the medium of a third party, the retained two and 82-100 acres of the homestead upon which their furnished dwelling-house was located. That besides this, and about a month prior thereto, the husband also gave to his wife, as she says, in consideration of her execution of the conveyance, the sum of $1,506.60, being one-half of the price at which he then sold to another party a part of their said homestead tract. That besides this, out of the proceeds of the sale of another portion of said homstead tract made sometime prior thereto the husband purchased and gave to the complainant wife in her own name and right another residence lot in Clarke's sub-division of the city of Tampa, and built and furnished a dwelling-house for her thereon, in which, it appears, she was

residing at the time of exhibiting her bill. That besides this he gave his wife other small amounts of money. That upon a part of the land given to her she had two tenement houses that are each worth $8 per month rent, and that the house in Tampa that he gave her is worth about $7 per month rent. By exhibits of certified copies of mortgages from the records given to the complainant wife by various parties as security for moneys loaned, it appears that she has $3,725 loaned on mortgage security bearing interest payable quarterly at the rate of fifteen *per cent. per annum*, and the further sum of $975, also secured by mortgage bearing interest, payable quarterly, at the rate of twelve *per cent. per annum*. That from house rents she derived about $16 per month; all of which gives her an aggregate income of about $867.75, besides having a furnished house of her own, and all of it provided by the husband, and all of it under her control and at her disposal. That the two and 82–100 acres of the homestead retained and given to her in her own right is well worth $2,500, exclusive of the improvements thereon.

On the other hand, it is shown that the defendant husband owns a house and lot in Albany, in the State of Georgia, worth about $1,000. That he has $3,500 loaned out on mortgage security bearing interest at the rate of twenty-four *per cent. per annum*. That he has besides one horse and wagon, and engages in selling books, from which he earns about $700 *per annum*. That he has lost one of his hands and part of the arm. That he is, and has been for years, an invalid from the disease known as catarrhal consumption. No order appears to have been made in the case relieving him of the care and control over the children that the law casts upon him. Under these circumstances we think the judge below erred in granting alimony *pen-*

*dente lite* and an allowance to the wife for attorney's fees to conduct the suit.

The law seems to be well-settled that two things must concur, and must be made to appear before a court is justified in making any allowance to the wife in divorce proceedings for temporary alimony and for counsel fees. (1) A *necessity* therefor must appear on the part of the wife, from her want of means, or of sufficient means, to maintain herself during the litigation and with which to employ counsel; (2) and it must also appear that the husband has the pecuniary means to supply that necessity. 2 Bishop on Marriage and Divorce, sec. 929 *et seq.;* Kenemer vs. Kenemer, 26 Ind. 330; Porter vs. Porter, 41 Miss. 116; Westerfield vs. Westerfield, 36 N. J. Eq. 195; Maxwell vs. Maxwell, 28 Hun. 566; Ross vs. Ross, 47 Mich. 185; Turner vs. Turner, 80 Cal. 141; Chaires vs. Chaires, 10 Fla. 308; Underwood vs. Underwood, 12 Fla. 434. It is further well-settled that the granting or withholding of such allowances is within the discretion of the court to whom the application therefor is made, but this discretion is not an arbitrary one, but is a *judicial* discretion to be exercised in accordance with established rules of law wisely adapted to the facts apparent in each particular case; and when the discretion is abused, it is a matter from which an appellate court will grant relief. Cooke vs. Cooke, 2 Phillim. (Eng. Eccl.) 40; Sanchez vs. Sanchez, 21 Fla. 346.

We think the order appealed from was in violation of these established principles. The undisputed facts showed that the complainant wife here had equally as much, in fact codsiderably more, property and available means than the defendant husband, and that she

acquired all of it from him within a year and a half before the bringing of her suit for divorce; and while she alleges that she has to support the children, it seems, if it be true, to be a voluntarily assumed burden upon her part. The requisite *necessity* upon her part for the allowance was conclusively shown to be absent, and her application therefor should have been denied.

The order or decree appealed from is reversed.