CHARLES G. ARENDALL, JR., *Appellant*, v. EUNICE AREN-
DALL, *Appellee.*

1.  Where a bill in chancery is filed for alimony, upon the appli-
    cation of the complainant for temporary alimony, counsel fees
    and suit money, the safer and more commendable practice is
    either to refer the matter to a master to take testimony as to
    the necessities of the complainant and the faculties of the
    defendant or to take such testimony before the circuit judge,

rather than to,act upon affidavits produced and filed by the respective parties, since affidavits are necessarily *ex parte* statements, limited in their compass.

2. The only foundation for an order for alimony, suit money and counsel fees *pendente lite*, is the fact of marriage between the parties, and the marriage relation should be made to appear at least *prima facie* by proof or admission before any order is made for the taking of testimony as to alimony, suit money and counsel fees.

3. In a suit in chancery for alimony, when an answer is filed by the defendant in which he denies practically all of the allegations of the bill, especially the allegations as to his faculties, it is error to grant an order for temporary alimony, suit money and counsel fees, when no proof whatever is adduced as to the faculties of the defendant, no matter how clearly the necessities of the complainant are made to appear.

This case was decided by Division A.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Tucker & Tucker,* for Appellant;

*R. B. Bullock,* for Appellee.

SHACKLEFORD, J.—The appellee filed her bill in chancery against the appellant, wherein she sought a divorce on the ground of desertion, temporary and permanent alimony, suit money, solicitor's fees and general relief. The only allegation in the bill in regard to the faculties of the defendant is that he "is by trade a locomotive en-

gineer; that he continuously and readily has employment at his trade when he desires it; that he earns from his said trade from ninety to one hundred dollars per month." The defendant filed his answer, wherein he admitted that a marriage ceremony was performed between him and the complainant, but for reasons, which he stated specifically and at length but which we deem it unnecessary to set forth, denied that such marriage was valid or binding. He also admitted that "as soon as the ceremony was performed, having paid to the father of the complainant all the money which he then had and in conformity with the agreement as entered into, he left the complainant and has not seen her since." The answer also contains the following averment:

"The defendant denies that his trade is that of a locomotive engineer, and further says that he does operate stationary engines, whenever he can get a job, and when his health will permit of him doing so, but that he is an invalid, that his eye-sight is very deficient, and that he is ruptured, and can only do light work, and that he is unable to work continuously even as engineer of stationary engines, that he has sought and obtained work at various places, but on account of his afflictions he has been unable to continue at his job very long at any place. He denies that he earns from his trade from ninety to one hundred dollars per month, and says that he has only been able since that year 1908, to earn a scant living for himself. And further says that he is without any visible means whatever, that he makes his home with his parents when not temporarily employed elsewhere. And that when he paid the amount of money above stated he surrendered to the use of the complainant and her child all the wealth which he then could command and since that time has made but a scant living. That the money paid was bor-

rowed from his father who had mortgaged his home to raise it, and afterwards sold his home to pay the debt; and that he still owes his father this money."

The bill of complaint was accompanied by the affidavit of the complainant and the answer was sworn to by the defendant. The suit came on to be heard upon the motion of the complainant "for suit money, attorney's fees and alimony," upon which the following interlocutory order was rendered:

"This cause having come on to be heard before the Judge of said Court at Chambers in the city of Ocala upon motion of complainant's solicitor for an order requiring said defendant to pay solicitor's fee, suit money, and alimony pendente lite and thereupon said complainant submitted her bill of complaint with proof of marriage to the said defendant, and other affidavits, and the said defendant his answer, and also affidavits in support thereof, and the court having heard arguments of counsel for the respective parties and being fully advised in the premises and having considered same, is of the opinion that complainant has shown a liability of the defendant and that the answer and affidavits of the said defendant submitted to the court are insufficient to avoid his liability:

It is therefore ordered, adjudged and decreed by the court that the said defendant Charles G. Arendall, Junior, do pay to the said complainant or her solicitor of record, within twenty days from this date the following sums of money for the following purposes: (1) fifty dollars for the fees of her solicitor for services rendered her in said cause to date; (2) ten dollars for court costs, and (3) twenty dollars for her support till further order of the court.

It is further ordered that the complainant's solicitor

transmit a copy of this order to Messrs. Tucker & Tucker, solicitor's for defendant at Lakeland, Florida, by mail.

Done at Chambers in the city of Ocala, Florida, this October 14th, 1910."

From this order the defendant has entered his appeal. The motion was heard by the Circuit Judge upon the pleadings and ex parte affidavits filed by the complainant and the defendant. The Circuit Judge could have made an order of reference to a master for the purpose of taking testimony as to the faculties of the defendant and the amount of alimony, suit money and counsel fees to be awarded the complainant, and this would seem to be the prevailing practice in this State. See Wood v. Wood, 56 Fla. 882, 47 South. Rep. 560, and Banks v. Banks, 42 Fla. 362, 29 South. Rep. 318. Of course, the Circuit Judge also has the power to have the testimony taken before himself, or he may proceed to hear and dispose of the motion upon the pleadings and affidavits produced and filed by the respective parties, as was done in the instant case, though such last named course has its disadvantages. See Haddon v. Haddon, 36 Fla. 413, 18 South. Rep. 779. As was well said in Wooley v. Wooley, 24 Ill. App. 431, text 433, "The court could not assume upon a preliminary motion and upon ex parte and contradictory affidavits to determine the issues made upon the bills and answers." So, in Gruhl v. Gruhl, 123 Ind. 86, text 88, 23 N. E. Rep. 1101, after stating that "the court could determine no question relating to the merits of the controversy except on the final trial, when ample opportunity would be afforded to examine and cross-examine witnesses," it was said, "The affidavits were mere ex parte statements, limited in their compass." These expressions would seem to show that the safer and more commendable practice is either to

refer the matter to a master or to take the testimony before the Circuit Judge.

We have held that "the only foundation for an order for alimony, suit money, and counsel fees *pendente lite,* is the fact of marriage between the parties." Banks v. Banks, 42 Fla. 362, 29 South. Rep. 318. We have also held that "in suits for alimony the marriage relation between the parties should in general be made to appear at least *prima facie* by proof or admission before a reference to a master is made for the purpose of taking testimony as to alimony, suit money and counsel fees, because if the marital relation does not exist the defendant is not liable." Wood v. Wood, *supra.* We cited Fountain v. Fountain, 80 Ark. 481, 97 S. W. Rep. 656, to which we would again refer. See especially the instructive note thereto in 10 Amer. & Eng. Ann. Cas. 557. The only proof adduced by the complainant at the hearing of the motion, was a certified copy of the record of the marriage license, with the usual endorsement as to the performance of the marriage ceremony. As we have already stated, the defendant admits this much in his answer but denies the validity of the marriage. He introduced no proofs, either by affidavits or otherwise, in support of this denial in his answer of a valid marriage. Upon the showing thus made by the respective parties, the court was probably warranted in holding that the fact of marriage had been sufficiently established, at least *prima facie,* to warrant the awarding of alimony, suit money and counsel fees *pendente lite.* But this court has further held as follows in Haddon v. Haddon, 36 Fla. 413, 18 South. Rep. 779:

"Two things must concur, and must be made to appear before a court is justified in making any allowance to the wife in divorce proceedings for alimony *pendente lite* and

for counsel fees: (1) A necessity therefor must appear on the part of the wife, from her want of means, or of sufficient means to maintain herself during the litigation and with which to employ counsel; (2) and it must also appear that the husband has the pecuniary ability to supply that necessity. If it appears in such a case that the applicant wife has abundant means or property of her own, that is under her control and at her disposal, out of which to maintain herself and to employ counsel, then the necessity for the allowance is wanting, and it should be denied.

The granting or withholding of allowances for alimony *pendente lite* and counsel fees in divorce proceedings is discretionary with the court to whom the application therefor is made, it is not an arbitrary discretion, but a judicial one, to be exercised in accordance with well established rules of law wisely adapted to the facts appearing in each particular case; and when the discretion is abused, it is a matter from which an appellate court will grant relief."

The complainant made a sufficient showing as to her necessity, in accordance with the holding above cited, but she adduced absolutely no proofs as to the pecuniary ability of the husband to supply that necessity. On the other hand, the defendant supported the averments in his answer as to his lack of means, his earning capacity and state of health, which averments we have copied above, by several affidavits, including one from his attending physician. This being true, we think that the court erred in making the interlocutory order from which this appeal is entered. That satisfactory proof of the husband's resources must be made, see 14 Cyc. 747, 753, 756; 3 Ency. L. & P. 174; 1 Ency. of Pl. & Pr. 421. A number of author-

ities will be found cited in the notes upon the respective pages to which we have referred.

In conclusion, we wish to state that this is another case in which the appellee has not seen fit to favor us with a brief, in consequence whereof our labors have been increased. See Mizell Live Stock Co. v. J. J. McCaskill Co., 59 Fla. 322, 51 South. Rep. 547.

Interlocutory order reversed.

WHITFIELD C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.