## TOPHAM v. TOPHAM et al.

(Court of Appeals of District of Columbia. Submitted March 3, 1920.
Decided April 5, 1920.)

No. 3317.

1. Divorce ⟂211—Award of alimony pendente lite was not an abuse of discretion, where court's view of case made by pleadings was not unreasonable.

An award of alimony pendente lite to the wife in a husband's suit for divorce was not an abuse of discretion, where the view taken by the court of the case made by the pleadings was not an unreasonable one, though different from the view taken by plaintiff.

2. Divorce ⟂286—Award of alimony pendente lite is reversible only for plain abuse of discretion.

To warrant the Court of Appeals in disturbing a decree for temporary alimony, a plain abuse of discretion must appear.

3. Divorce ⟂286—Amount of alimony pendente lite will not be held excessive when there is some basis for it.

Sums awarded to a wife as temporary alimony and counsel fees cannot be held excessive, when there is some basis for the award.

Appeal from the Supreme Court of the District of Columbia.

Suit by Richard C. Topham against Anna R. Topham and another. From a decree granting alimony and counsel fees, plaintiff appeals. Affirmed.

C. H. Merillat, of Washington, D. C., for appellant.
Edward Stafford, of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District directing payment of alimony pendente lite in the sum of $10 per week and counsel fees in the sum of $25.

Appellant filed a petition for divorce against his wife, the appellee, alleging adultery and desertion. In her answer to this petition, appellee specifically denied that she had been guilty of either adultery or desertion, expressed her willingness to assume the custody of the infant child, and prayed a divorce a mensa et thoro, the custody of the child, and permanent alimony. Thereafter appellee filed a petition for alimony pendente lite and counsel fees. In response to a rule to show cause, appellant filed, an answer with supporting affidavits, a hearing was had on the petition and return, and the decree appealed from resulted.

[1-3] It is conceded by appellant that the granting of alimony pendente lite is within the judicial discretion of the trial court, but it is contended that in this case there has been such an abuse of discretion as to require a setting aside of the decree. Appellant insists that "where it appears on the face of the papers that the wife was guilty of misconduct, whether there be actual adultery proved or not," and that she thereafter deserted her husband, no alimony pendente lite should be decreed her. This contention assumes that but one view could be taken of the record, although apparently it is conceded that it might be held that the alleged misconduct amounted to no more than mere indiscretion, and that the alleged desertion followed the charge

of adultery. Without analyzing the evidence before the court, we are clearly of opinion that there is no showing of an abuse of discretion here. Appellant has taken one view of the showing made, while the court has taken another, and, to our minds, not unreasonable, view. To warrant a court in disturbing a decree for temporary alimony, it must appear that there was a plain abuse of discretion. Tolman v. Tolman, 1 App. D. C. 299; Walter v. Walter, 15 App. D. C. 338; Sparks v. Sparks, 25 App. D. C. 356; Hite v. Hite, 124 Cal. 389, 57 Pac. 227, 45 L. R. A. 793, 71 Am. St. Rep. 82; Arendall v. Arendall, 61 Fla. 496, 54 South. 957, Ann. Cas. 1913A, 662. A basis for an award having been found, it may not be said that the sums awarded in this case were excessive.

The decree must be affirmed, with costs.

Affirmed.