ALLEN, Judge.
Appellant, defendant in the lower court, brings interlocutory appeal from an amended contempt order.
The findings embodied in the order indicate that defendant was unable to comply with the requirements of a final decree of alimony unconnected with divorce, that no showing was made as to defendant’s income, but there was evidence of his mode of living, that the defendant was in arrears in alimony payments in the amount of $7,600, and the defendant 'was capable of paying the sum of $1,000 and of making weekly payments of $50 in satisfaction of the ar-rearage. The order decreed that the defendant, therefore, make the $1,000 payment within a given time and make $50 weekly payments or suffer the penalty of a prior contempt order, i. e., 60 days imprisonment.
Essentially, appellant raises two points on appeal. He contends that the chancellor abused his discretion in adjudging defendant in contempt and argues that there was no willful failure to comply with the requirements of the original decree. He further contends that portions of the alleged arrearage were not alimony and, in fact, that ordering payment of those sums in the final decree was improper and beyond the jurisdiction of the court entering the final decree.
Our Supreme Court, in Orr v. Orr, 141 Fla. 112, 192 So. 466, a contempt case, saidi
“The appellee offered some testimony tending to show that he is at present unable to pay the award. This is not a necessarily proper defense to the application for the citation. Inability to pay is a valid defense at the time the decree was rendered, Phelan v. Phelan, 12 Fla. 449; Haddon v. Haddon, 36 Fla. 413, 18 So. 779; Arendall v. Arendall, 61 Fla. 496, 54 So. 957, Ann.Cas. 1913A, 662; but where no appeal has been taken from the order, it will stand inviolate, and no court has the power to subsequently reduce, change or modify it unless the court rendering the same specifically retained jurisdiction for that purpose. See Schouler, on Marriage, Divorce and Separation, vol. 2, pp. 1990, 1991, par. 1828; Kennard v. Kennard, 131 Fla. 473, 179 So. 660; Dickenson v. Sharpe, 94 Fla. 25, 113 So. 638; Gaffny v. Gaffny, 129 Fla. 172, 176 So. 68; Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205.
“The burden of proving inability is on the defendant, and as the final decree is an adjudication of his ability to pay, the only available defense for nonperformance is a showing that he is unable to comply with the terms of the decree due to factors beyond his control. 17 Am.Jur. 510; 19 C.J. 304, and cases therein cited.
“This rule was properly stated in the case of Hembree v. Hembree, 208 Ky. 658, 271 S.W. 1100, text 1101, ‘To have purged himself of contempt for his failure to comply with the court’s orders he must have made it clearly appear, not only that he was unable to comply therewith, but also that his inability was not caused by his own neglect or misconduct.’ This rule was reiterated in the later case of Roper v. Roper, 242 Ky. 658, 47 S.W.2d 517.”
We conclude that the trial judge stayed within the rule enunciated in the above cited case.
Affirmed.
KANNER, Acting C. J., and SMITH, J., ' concur.