McNATT, JOHN M., Associate Judge
(concurring specially).
The record reflects that the proceeding in the Juvenile Court was commenced by the filing of a petition by the former wife of the appellant. The petition alleged that she and the appellant were divorced in January 1959 in Hardee County, and that she had been given custody of the three children of the parties, and that the appellant had been ordered to pay $35.00 each week for their support. As stated in the Petition, the relief sought was:
“The natural mother of the above-named children, Mrs. Mary Evelyn Turner Geoghagan, is Petitioning this Court asking that an Order be entered requiring the natural father, Jack Lloyd Turner, to pay support to the registry of this Court to be disbursed to the natural mother, Mrs. Mary Evelyn Turner Geoghagan, for the care of the above named children.”
As prayed in the Petition, the Juvenile Court entered an order requiring appellant to pay $35.00 “per week to the Juvenile Court of Sarasota County” to be disbursed by the Court for the support of the children. The order appealed from adjudged appellant in contempt for failing to make the payments.
It is my view that under the circumstances shown by the record, the Circuit .Court had jurisdiction of the matter of support for the children, and that the Juvenile Court had no jurisdiction to order the appellant to support them, and, consequently, could not punish him for failing so to do. State ex rel. Watson v. Rogers, Fla., 86 So.2d 645. As there was no allegation in the Petition that the support payments ordered by the Circuit Court were in default, the proceedings in the Juvenile Court may not be considered as having been brought under the provisions of Chapter 65.18, Florida Statutes, F.S.A., for the enforcement of the Circuit Court decree— even if a Juvenile Court has jurisdiction of such a proceeding.
However, assuming that the Juvenile Court did have jurisdiction, the record shows that the appellant did not willfully disobey the order of that Court, and, therefore, was not in contempt. Naster v. Naster, Fla.App.2d 1963, 151 So.2d 313; 10 Fla.Jur. 229.
For the foregoing reasons, I concur in the reversal of the order appealed from.