WIGGINTON, Judge.
Plaintiff husband has appealed a final decree rendered in a proceeding instituted by him in which his prayer for divorce was denied and he was adjudged to be in contempt of the court for his failure or refusal to pay the amount of temporary alimony, court costs and attorneys fees awarded his defendant wife by an interlocutory order of the court.
Two primary points have been raised by appellant which we consider pertinent to a disposition of this appeal.
The complaint filed by appellant charged appellee with desertion. Appellee answered denying the material allegations of the complaint and in turn asserting a counterclaim seeking a divorce on the ground of cruelty. Appellee thereafter filed in the cause a petition praying for an order requiring appellant to pay to her a reasonable sum of money to be used in defraying the cost of this litigation. Appellee also filed her affidavit on faculties by which she averred her need for temporary alimony, suit money and attorneys fees, and appellant’s ability to pay such reasonable amount as may be found necessary for these purposes. She prayed for an order making an allowance to her for the sums requested by her affidavit and petition. At a hearing before the court at which no further proof or testimony was offered by either party, the court entered an order awarding appellee temporary alimony in the sum of $200.00 a month, temporary attorneys fees in the sum of $200.00, and court costs in the sum of $50.00.
Some months later, upon petition and rule to show cause, an order was entered by the chancellor adjudging appellant to be in contempt of the court for his failure to comply with the requirements of the order herein-above mentioned. Without specifying the amount owed by appellant as a result of his *241 default, the order directed that appellant be confined to the county jail for a period not exceeding ninety days or until he should purge himself of contempt by complying with the terms of the order awarding temporary alimony, court costs and attorneys fees.
Appellant contends, and we think correctly so, that the foregoing order adjudging him to be in contempt of court was vague, indefinite, and therefore unenforceable under the decisions rendered by this court in the case of State v. Anderson,[1] and by the Third District Court of Appeal in Dykes v. Dykes [2] and Ginsberg v. Ginsberg.[3] The cases last cited all stand for the proposition that if a party is adjudged to be in contempt of the court for noncompliance with the provisions of an order, judgment or decree requiring the payment of alimony, child support, attorneys fees or litigation costs, the judgment must fix with specificity the amount of money for nonpayment of which the accused is in default, and the period for which he shall be imprisoned unless he earlier purges himself by payment of the amount of default found to be due.
Our conclusion as stated above does not render the judgment of contempt void, but merely defective to such an extent as to require that it be amended to comply with the foregoing announced principles of law. It is not necessary, however, that the final decree appealed herein be reversed because of the deficiencies in the judgment of contempt as noted above. Appellant was never arrested nor committed to the county jail under the judgment of contempt of which he now complains. The cause proceeded to final hearing and culminated in the final decree which forms the basis of this appeal. As stated at the outset, the decree denied appellant’s prayer for a divorce, and dismissed his complaint. The decree further found and adjudged appellant to be in contempt of the court for failure to comply fully with the interlocutory order by which appellee was awarded temporary alimony, attorneys fees and court costs. The final decree specifically found the exact amount of money owed to appellee as temporary alimony, and to her attorneys for their compensation, and for court costs, for the payment of which appellant continued to be in default. Jurisdiction of the cause has been retained by the chancellor for the purpose of enforcing all of the monetary provisions of the final decree. It therefore appears that the deficiencies of the original judgment of contempt consisting of the uncertainty as to the amount of appellant’s default has been cured by the terms and provisions of the final decree. He now holds the keys to the jail in his pocket, and may purge himself of contempt by paying the amounts found to be due by him to his wife as fixed by the terms of the final decree. The imperfections of the contempt judgment having been cured by the final decree, no valid reason exists why that judgment should be reversed.
Appellant further contends that merely because he alleged in his complaint for divorce that appellee was guilty of desertion, the chancellor erred in awarding her temporary alimony and other costs of the litigation under the circumstances shown by the record. Appellant relies for support of his position on the case of Floyd v. Floyd.[4] It is our view that appellant’s reliance upon the Floyd case is grossly misplaced. In Floyd, testimony was taken before a special master on the wife’s petition for temporary alimony. The testimony adduced by the parties showed without dispute that the wife had deserted the husband and absented herself from the family domicile through no fault of his. Despite such proof in the record the chancellor awarded the *242 wife temporary alimony, which order was reversed on appeal.
In the case sub judice the complaint alleges and the answer denies that appellant’s wife was guilty of desertion. No evidence on this issue was offered or submitted by either party. The only proof before the chancellor at the hearing on appellee’s petition for temporary alimony, suit money and attorneys fees was her affidavit relating to the faculties of the parties.
F.S. Section 65.07, F.S.A., provides that if a wife defendant in any suit for divorce shall in her answer, or by petition, claim temporary alimony or suit money, and the answer or petition shall seem well-founded, the court shall allow a reasonable sum therefor. In Jacobs v. Jacobs the Supreme Court held that two things must concur before a court is justified in making allowance to the wife in a divorce proceeding for alimony pendente lite and permanent alimony, counsel fees and suit money: (1) a necessity therefor must appear on the part of the wife from want of means or of sufficient means to maintain herself during the litigation and with which to employ counsel; (2) it must affirmatively appear that the husband has the pecuniary ability to supply that necessity.[5] In Grace v. Grace, this court recognized the general rule to be: “ * * * that whether temporary alimony should be granted rests within the sound discretion of the chancellor. However, this discretion is not an arbitrary one, but a judicial discretion, to be exercised in accordance with established rules adapted to the facts of each case, and is subject to review.” [6]
Based upon the above authorities we conclude and so hold that appellee’s answer to the complaint, her petition and affidavit, when read together, sufficiently refute the charge of desertion made by appellant’s complaint, appear to be well-founded, and the chancellor did not abuse his discretion or violate any fundamental principles of law in making the allowance he did of temporary alimony, attorneys fees or court costs.
For the reasons hereinabove stated, the decree appealed is affirmed.
RAWLS, C. J., and CARROLL, DONALD K., J., concur.

. State ex rel. Byrd v. Anderson, (Ma.App.1964) 168 So.2d 554.

. Dykes v. Dykes, (Ma.App.1958) 104 So.2d 598.

. Ginsberg v. Ginsberg, (Ma.App.1960) 122 So.2d 30.

. Floyd v. Floyd, 91 Ma. 910, 108 So. 896.

. Jacobs v. Jacobs, (Fla.1951) 50 So.2d 109.

. Grace v. Grace, (Fla.App.1964) 162 So.2d 314.