PEARSON, Judge.
This interlocutory appeal is by the plaintiff, counter-defendant, in a divorce suit. He appeals an order of the chancellor overruling his objections to interrogatories.
Appellant’s complaint for divorce charges the appellee with extreme cruelty. The ap-pellee, wife, counterclaimed for divorce, child custody, alimony and sought a decree establishing appellee’s claimed special equity in property accumulated during coverture.
The interrogatories to which appellant objected fall into three groups. The first group, numbered two through seven, is designed to elicit information regarding a private investigator or investigators allegedly employed by the husband to report upon the activities of his wife. The appellant and the appellee agree that the test as to whether the objections were properly overruled is to be found in Goldstein v. Great Atlantic & Pacific Tea Co., Fla.App.1960, 118 So.2d 253. In that case, the court was called upon to review a discovery order in a common-law negligence action. The defendant took the discovery deposition of an investigator employed by the attorney for the plaintiffs. The trial judge required the witness to answer questions directed to the instructions he had received. The court held that insofar as the purpose of the deposition was to interrogate the witness in regard to the taking of photographs, it was not error for the trial judge to require the deponent to answer questions as to his taking of the photographs, but that the deponent could not be required “to reveal communications or reports between himself and plaintiffs’ attorneys.” Applying this test to the interrogatories numbered two through seven inclusive, we hold that the trial court correctly required the appellant to answer numbers 2, 3, 6 and 7, and that he erred in requiring the appellant to answer numbers 4 and 5, which are as follows :
“4. Has any private detective or investigator that you hired acquired any evidence relevant, in your opinion, to this divorce action?
“5. If so, please state:
(a) The substance of the evidence obtained.
(b) The date the evidence was obtained.
(c) The method by which the evidence was obtained.
(d) When this evidence was related to you.
(e) The name and address of the investigator who obtained such evidence.”
The second group of interrogatories presented are numbered eight through fourteen. These interrogatories are apparently aimed at securing information with which to combat the plaintiff’s, husband’s, prayer for custody of the minor child. Appellant contends that the court erred in failing to sustain his objection to the interrogatories propounded in this group because they seek opinion, as opposed to fact. We are referred to Boucher v. Pure Oil Co., Fla.App.1957, 101 So.2d 408, wherein the court held that interrogatories directed to a party calling for a conclusion or opinion *387 of law were improper. The interrogatories in the instant case are as follows:
“8. Do you consider it to he in the best interests of BEN HADWIN NO-VACK, JR to be in your custody?
“9. If so, please state your reasons in detail.
"10. Do you claim that BERNICE NO-VACK is unfit to have the care and custody of the child of this marriage ?
"11. If so, please state in what manner BERNICE NOVACK is unfit.
"12. At what address would you and BEN HADWIN NOVACK, JR. reside if you were awarded custody in this action?
“13. Would you be able to devote your full time to the care and upbringing of the child if you are awarded custody ?
“14. If not, please state:
(a) What proportion of each day you intend to spend with the child.
(b) What proportion of each day during the past five years you did, in fact, spend with the child.
(c) How you intend to provide for the child’s care, naming each person and institution that would be hired for this purpose, if any.”
We are reluctant to hold that any question, the answer to which the chancellor feels might be helpful to him in deciding an issue of custody, cannot be asked. Nevertheless, the principle set forth in Boucher v. Pure Oil Co., supra, requires a holding that questions number 14(a) and (c), are such that they call purely for a conclusion of the appellant as to what may occur in the future. Sections “a” and “c” of question fourteen therefore are improper as calling for an opinion, rather than an expression of intention as to the future of the child.
The third group of interrogatories propounded by the appellee and to which objection was denied, deal with financial matters. These interrogatories, numbered 20 through 25, are as follows:
“20. Please describe fully your ownership or equity interest in the Fon-tainebleau Hotel, Miami Beach, Florida, the Fontainebleau Operating Corporation and the Charnofree Corporation.
“21. Please state, in your opinion, the value of your equity or ownership interest in the Fontainebleau Hotel, Fontainebleau Operating Corporation and Charnofree Corporation.
“22. Did you file a federal income tax return for the past five years ? If so, please state for each of the past five years:
(a) Your total income from all sources.
(b) Your taxable income.
(c) The amount of your federal income taxes.
“23. Please state your total monthly living expenses at the time of answering these interrogatories, Please do not include any expenses directly attributable to the support of your wife or child.
“24. Please state the monthly amount of money by way of average over the past two years, that you provided for the support and maintenance of your wife and your child. Please differentiate which amount is attributable to the support and maintenance of your wife and of your child.
“25. Please state your net worth, in your opinion, as of the date of answering these interrogatories.”
Appellant contends that objections to these interrogatories should have been sus *388 tained because his “objection to interrogatories” contained in paragraph four thereof the following admission:
“Interrogatories number 20 through 25 are precluded by the doctrine established in the case of Jacobs v. Jacobs, 50 So. 2d 169, (Fla.1951) and the plaintiff in this case admits that he has the financial ability to respond to any reasonable amount that the Court may find is legally due and owing to the defendant-coun-terclaimant for alimony, child support, attorneys’ fees and court costs.”
The District Court of Appeal of Florida, Fourth District, has recently considered the rule set forth in Jacobs v. Jacobs, supra. See Parker v. Parker, Fla.App.1966, 182 So. 2d 498. The court held that the rule in Jacobs v. Jacobs, supra, is no longer applicable because the Jacobs case construed former Equity Rule 49 and that the present rules of civil procedure provide a wider scope of examination. The trial judge in the instant case, who ruled upon the objections to the interrogatories on February 28, 1966, relied upon the holding in Parker v. Parker.
Appellant urges that we should decline to follow the holding of the Parker case because it improperly failed to apply the rule set forth in Jacobs v. Jacobs, Fla.1951, 50 So.2d 169. It is urged that the conclusion reached in the Parker case is erroneous because the former equity rule and the present rules of civil procedure as to discovery are practically identical.
We are informed that the identical question the appellant asks us to decide is now before the Supreme Court of Florida on petition for certiorari from the decision in Parker v. Parker. The question presented is not necessary to a decision in the case before us because the record demonstrates that the appellee, wife, is claiming a special interest in the properties about which she seeks discovery; therefore, we will not express an opinion as appellant requests.
The appellee alleges in her complaint that she has contributed materially by her industry and her services to the appellant’s acquisition of his ownership interest in the Fontainebleau Hotel. She further alleges that the services contributed have been above and beyond those performed in the ordinary course of marriage, and that she has received no compensation for the services. The record also reveals that the marriage covers a period of some fifteen years during which it is alleged the appellant has amassed, with appellee’s help, the wealth he now possesses. These allegations are followed by a prayer that the court will adjudicate the property rights of the parties. We hold that the rule applied in the Jacobs’ case may not be used as a bar to an inquiry by a wife in a divorce action where she attempts to establish her rights to property in which she claims a special interest. Cf., Orlowitz v. Orlowitz, Fla. App.1960, 121 So.2d 55. See also, Parker v. Parker, Fla.App.1966, 182 So.2d 498.
We also note that a husband’s pecuniary ability to pay permanent alimony is an essential element which must be made to appear before a court is justified in making an allowance to the wife in a divorce proceeding. Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169. This essential element cannot be supplied by an admission in a motion because such admissions drop out of the case when the motion has been successfully attacked by the opposing party, “leaving the record ‘in the same shape as it would have been if no [such pleading] had been filed’ ”. Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.1958, 104 So.2d 508, 510. Therefore, the appellant’s contention (that upon making the admission, the interrogatories ceased to be material, relevant, or pertinent to the issues and became utterly non-productive of evidence for proof of the issues involved in the litigation) is without merit. We hold that the trial judge has not been shown to have abused his discretion in requiring the appellant to answer questions numbered 20 through 25 above listed.
*389 Accordingly, the order appealed, which denied plaintiff’s objections to interrogatories, is affirmed in part and reversed in part and the cause is remanded with directions to sustain plaintiff’s objections to interrogatories numbered 4, S, 14a and 14c.
Affirmed in part and reversed in part.