DREW, Justice.
The decisions in these consolidated causes [1] have been certified to this Court pursuant to Article V, Section 4(2) [2] as ones that pass upon a question of great public interest. The certificate of the District Court accompanying each of the petitions for certiorari certifies that such decision "passes on the question of the amount of a reasonable attorney’s fee, for services rendered, by an attorney in a divorce action, which is settled immediately prior to the trial of the cause.”
 In Zirin v. Charles Pfizer & Co.,[3] we discussed at length the scope of review and the prerogatives of this Court in the review by certiorari of cases of this nature. There we held that the certification of such a decision by a District Court of Appeal satisfied the mandate of the Constitution so far as jurisdiction of this Court is concerned, but that such certification does not require this Court to decide the case. We think it appropriate here to repeat and reaffirm the following language from that decision.
“ * * * the proposition ®f whether a decision of a district court decides a question of great public importance is one solely for the district court to determine only insofar as vesting complete jurisdiction in this Court to entertain the cause is concerned. After jurisdiction attaches, the Constitution then brings into play the power of this Court to exercise its discretion and then to determine whether in that case an opinion is justified or required.”
We have carefully considered the matters presented and have determined that a decision of this Court in these cases is neither justified nor required.
The writ is discharged.
THORNAL, C. J., and CALDWELL, J., and GRAESSLE, Circuit Judge, concur.
ERVIN, J., dissents with Opinion.

. Novack v. Novack (nos. 65-830, 65-831), Fla.App., 189 So.2d 513.

. “The supreme court may review by cer-tiorari any decision of a district court of appeal * * * that passes upon a question certified by the district court of appeal to be of great public interest * * * ”

,Fla.1981, 128 So.2d 594,