196 So.2d 499 (1967)
Ben NOVACK, Appellant,
v.
Bernice NOVACK, Appellee.
Nos. 66-460, 66-461.
District Court of Appeal of Florida. Third District.
March 14, 1967.
Sibley, Giblin & Levenson, Miami Beach, for appellant.
Irving Cypen and Arnold Nevins, Miami Beach, for appellee.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
The appellant-husband has taken separate interlocutory appeals from an order in a divorce suit granting temporary allowances to the appellee-wife and from an order which, though discharging him from a rule to show cause, directed him to fully comply with the first order by a day certain or suffer the dismissal of his complaint. These interlocutory appeals have been consolidated for appellate purposes.
Appellant's first point is directed to the fact that the order granting temporary allowances was not based on any evidence or testimony in the record, but rather upon the chancellor's having taken judicial knowledge *500 of the record in an altogether separate proceeding.
Both parties concede that the order granting temporary allowances was not based on evidence or testimony in the present action, but was based on judicial notice by the chancellor of testimony and evidence in a prior divorce case between the parties, which divorce case had been amicably settled and dismissed prior to the instant cause. The wife contends that this procedure was proper because the chancellor in the prior divorce suit between the parties was the same chancellor who awarded the temporary allowances herein. In addition, the wife submits that the husband has admitted that he is financially able to respond to any reasonable award of support and alimony.
The law in Florida requires that a wife in a divorce proceeding must make a record which establishes both her needs and her husband's ability to pay in order to justify the chancellor's exercise of discretion in granting temporary allowances. See Arendall v. Arendall, 61 Fla. 496, 54 So. 957 (1911); Haddon v. Haddon, 36 Fla. 413, 18 So. 779 (1895). A chancellor is not authorized to take judicial knowledge of the records in a different case pending or disposed of in the same court but outside the record of the case before that court. The reasons for such a rule are clearly enunciated by Justice Thornal in Kostecos v. Johnson, Fla. 1956, 85 So.2d 594, where he stated:
* * * * * *
"Our consideration of the record on this appeal is complicated by the fact that in entering a summary judgment for the appellee, the trial judge took judicial notice of the records in the county delinquent tax proceeding and in the drainage district foreclosure proceeding. Apparently both parties agreed to this and the trial judge recited in his judgment that he had done so. Although no error is assigned on this proposition, both parties evidently agreeing that the procedure was correct, we are constrained to point out that the trial court is not authorized to take judicial notice of the records in a different case pending or disposed of in the same court but outside the record in the case before him. See Adams v. Adams, 126 Fla. 217, 170 So. 697, and Cassels v. Ideal Farms Drainage District, 156 Fla. 152, 23 So.2d 247. The case before us illustrates the sense of the rule.
"The judgment recites that the trial judge took judicial notice of the entire contents of the records in the two delinquent tax cases. Undoubtedly he could conveniently call upon the office of the clerk of the court to bring the records before him and make them available for his examination in arriving at a judgment. Upon appeal, however, this court is not similarly situated and we are, therefore, obviously without the information contained in the two records in the Circuit Court of Sarasota County which may or may not have properly constituted the basis of the summary judgment that was entered because these records do not constitute a part of the record on appeal unless they were appropriately introduced in evidence either in the original or by certified copy and then included in the record sent to this court for consideration."
* * * * * *
See also Gann v. Levitt & Sons of Fla., Inc., Fla.App. 1966, 193 So.2d 200.
We therefore hold that the wife did not meet the requirement that she establish her needs by evidence in the record in this cause.
Appellant's next point is directed to the fact that at the time the order granting temporary allowances was entered (April 15, 1966) an interlocutory appeal was pending in this court in which another order of the chancellor was being challenged. Inasmuch as we have already determined that reversible error was committed, we find no need to discuss this question. Parenthetically, this order was subsequently affirmed *501 by us (188 So.2d 697) and the Supreme Court denied certiorari on January 30, 1967.
The last point raised by the appellant is that it is an abuse of discretion to award the wife any temporary allowances since she has been charged, under oath, with misconduct in voluntarily absenting herself from the marital abode of the parties to be with another man with whom she was enamoured, and in taking a large sum of cash belonging to the husband.
The complaint charged the wife with extreme cruelty, alleging, inter alia, that she had become interested in another man and spent approximately four nights each week in his company. The complaint also alleged that she had taken a large amount of cash from the husband's safety deposit box. These allegations were denied in the wife's sworn answer and counterclaim, in which she explained that she had justifiably removed certain non-negotiable papers from a safety deposit box and that she had voluntarily offered to return them to her husband.
The facts alleged herein are not similar to those relied upon by the appellant in Floyd v. Floyd, 91 Fla. 910, 108 So. 896 (1926), and it is not applicable.
Section 65.07, Florida Statutes, F.S.A., provides that if a wife defendant in any suit for divorce shall in her answer, or by petition, claim temporary alimony or suit money, and the answer or petition shall seem well-founded, the court shall allow a reasonable sum therefor.
Had the wife established a proper record of her needs, then it would not have constituted an abuse of discretion for the chancellor to have awarded a temporary cash allowance to the wife herein, even though these charges were pending. See Saunders v. Saunders, Fla.App. 1966, 183 So.2d 239.
We hold that the chancellor abused his discretion in taking judicial notice of the record in a prior separate divorce suit between the parties in determining the amount of temporary allowances to be granted to the wife herein. Such determination must be based upon testimony and evidence placed in the record before the chancellor in this cause in order to justify an award of temporary allowances, and in order that an appellate court might take into consideration such evidence and testimony upon an appeal from such temporary allowances.
For the reasons stated, the orders of the chancellor herein appealed be and the same are hereby reversed and the cause remanded for further action consistent herewith.
It is so ordered.
PEARSON, Judge (dissenting).
I must respectfully dissent. The majority holds that the chancellor abused his discretion by taking judicial notice of the record in a prior divorce suit between the same parties for the purpose of determining temporary allowance. I feel that the majority has made a rule so rigid that judicial inconvenience is the result.
These parties were embroiled in matrimonial litigation once before.[1] For the sake of judicial convenience the current divorce proceeding was transferred to the same chancellor who had presided over the prior divorce suit. During the pendency of the current divorce litigation, appellant's counsel appeared at the hearing for temporary allowances and stated that he was present only to challenge the jurisdiction of the court.[2] He further stated that he was *502 not present to participate in any motions or applications made by the appellee. Appellee's counsel then made a request to the court to reinstate the orders for temporary allowance from the prior divorce action. At this time appellant made no objection to the request nor to the procedure. After the court decided it had jurisdiction, the appellant asked to be excused. After he was excused, the court continued the hearing and entered the temporary allowance which is the subject of this appeal. The allowance was for the amount granted in the prior divorce suit.
It is the policy of the appellate courts not to permit the presentation of points or grounds for objection, for the first time on appeal, if the party had an opportunity to raise the point in the trial court. See generally 2 Fla.Jur., Appeals § 290. The contention concerning judicial notice could have been raised at the hearing, and such objection could have been cured or obviated at that time.
The majority also sets down a hard and fast rule concerning the scope of judicial notice. However, it has been recognized that the rule is not so inflexible, and many exceptions have been engrafted upon it. See 31 C.J.S. Evidence § 50(3) (a). Some jurisdictions have considered the particular nature of a divorce action, and have created an exception where divorce is involved. They recognize the rule that a court ordinarily does not take judicial notice of the record in another case, but they hold that the rule should not be strictly applied in a divorce action. Buncher v. Buncher, Penn. 1966, 217 A.2d 861; Hogan v. Hogan, 1955, 131 Cal. App.2d 281, 280 P.2d 64. The theory behind such reasoning is that since the State is an interested party in every divorce action, the court should be vested with a liberal legal discretion to inquire into the record of another proceeding between the same parties. Commonwealth ex rel. Branch v. Branch, 1954, 175 Pa.Super. 373, 104 A.2d 183; Hall v. Hall, 1936, 122 Pa. Super. 242, 186 A. 318; see also French v. French, 1949, 135 Conn. 542, 66 A.2d 714.
There is no doubt that a wife is required to make a record in a divorce proceeding which establishes both her need and her husband's ability to met the need. Flood v. Flood, 91 Fla. 910, 108 So. 896 (1926). However, where there is no issue as to the husband's capabilities, I see no reason why the chancellor could not take judicial notice of the prior proceeding to determine the amount of temporary allowance. Such would contribute to the practical and efficient administration of the law.
Since the issue was not raised at the hearing, and since I find no abuse of discretion, I would affirm.
NOTES
[1] See Novack v. Novack, Fla. 1967, 195 So.2d 199, opinion filed February 1, 1967; Fla.App. 1966, 187 So.2d 385; Fla.App. 1966, 189 So.2d 513.
[2] "At the time that the appealed orders regarding temporary allowances were entered, the power of the Circuit Judge who entered those orders to proceed in the case was the subject matter of an appeal pending before this Court, bearing Case No. 66-255".