McCAIN, Judge.
Appellant-wife appeals an interlocutory order denying her motion for temporary alimony, attorneys’ fees and suit costs. We reverse.
Appellant was sued for divorce on charges of extreme cruelty and she counterclaimed for separate maintenance asserting similar grounds. Through motion support by her affidavit, appellant then unsuccessfully sought the temporary relief alluded to above.
At the hearing on appellant’s motion, no testimony was taken and argument of counsel was directed to the question of the sufficiency of her affidavit to establish her claim in view of its hearsay qualities (appellant was absent the state and had not been deposed).
Appellee apparently had been deposed. However, we cannot tell whether his deposition was before the trial judge. Nevertheless, its significance was lost when the trial judge summarily denied appellant’s motion. Even though no reasons were stated for the court’s ruling, the record on appeal supports our conclusion that appellant’s absence together with the asserted hearsay qualities of her affidavit resulted in the denial.
Our first consideration is therefore directed to the question of whether in conjunction with the pleadings in a cause an affidavit may be used as the sole support of an award of temporary alimony, attorneys’ fees and suit costs.
The use of an affidavit to establish a wife’s claim for temporary alimony, attorneys’ fees and suit costs has caused much consternation. However, the question of the propriety of its use appears to be settled.
In Arendall v. Arendall, 1911, 61 Fla. 496, 54 So. 957, wherein temporary relief was denied because the ability of the husband to pay was not established, our supreme court stated:
“The motion was heard by the circuit judge upon the pleadings and ex parte affidavits filed by the complainant and the defendant. The circuit judge could have made an order of reference to a master for the purpose of taking testimony as to the faculties of the defendant and the amount of alimony, suit money, *505 and counsel fees to be awarded the complainant, and this would seem to be the prevailing practice in this state. See Wood v. Wood, 56 Fla. 882, 47 South 560, and Banks v. Banks, 42 Fla. 362, 29 South 318. Of course, the cirmit judge also has the power to have the testimony-taken before himself, or he may proceed to hear and dispose of the motion upon the pleadings and affidavits produced and filed by the respective parties, as was done in the instant case, though such last-named course has its disadvantages.” (Emphasis supplied.)
Later, in Holly v. Holly, 1921, 81- Fla. 881, 89 So. 132, our supreme court again stated:
“Both the necessities of the wife and the faculties of the husband being established by the pleadings, there was no need to refer the matter to a master, and it was not error for the judge to make the order for temporary alimony and counsel fees without such reference.”
Then, in Saunders v. Saunders, Fla. App.1966, 183 So.2d 239, our sister first district court stated:
“In the case sub judice the complaint alleges and the answer denies that appellant’s wife was guilty of desertion. No evidence on this issue was offered or submitted by either party. The only proof before the chancellor at the hearing on appellee’s petition for temporary alimony, suit money and attorneys fees was her affidavit relating to the faculties of the parties.
<(* * *
“* * * [W]e conclude and so hold that appellee’s answer to the complaint, her petition and affidavit, when read together, sufficiently refute the charge of desertion made by appellant’s complaint, appear to be well-founded, and the chancellor did not abuse his discretion or violate any fundamental principles of law in making the allowance he did of temporary alimony, attorneys fees or court costs.”
In light of these authorities, we conclude that a wife’s affidavit, even in her absence and even though not sanctioned, when considered together with the pleadings in the cause may establish both her needs and the financial ability of the husband to pay, thus entitling her to an award of temporary alimony, attorney’s fees and suit money.
The pleadings sub judice establish the parties’ marriage and assert the claims of each against the other. We therefore now examine the affidavit in question to see if it supports the motion for temporary relief. This affidavit states:
“1. That she is the defendant-counter-claimant in the above entitled matter.
2. That since on or about November 20, 1969, the plaintiff, TIMOTHY J. VALENTINE, has failed and refused to support your affiant.
3. That the plaintiff is presently employed and has an income in excess of $5,600.00 per year, and in addition thereto receives certain funds from his parents and receives interest income from certain savings accounts.
4. That your affiant is presently unemployed and is without funds to support herself.
5. That your affiant desires to return to college and has immediate need for an absolute minimum sum of $250.00 per month for her support.
6. That she is informed and believes that plaintiff presently has in excess of $13,000.00 in funds from which to support your affiant.
7. That she has employed ARTHUR EDWARD DENNIS, ESQ., HARRY ARTHUR GREENBERG and RALPH and BOYD, to represent her and has agreed to pay a reasonable attorneys’ fees for their services, however, she is without any funds to pay any of the attorneys.”
*506 While we are not aware of any obligation per se on the part of a husband to finance his wife’s college education, appellant’s assertions do show her need for support (unemployed and without funds) and appellee’s faculties to pay. Moreover, she claims all support terminated November 20, 1969. Accordingly, the affidavit together with the pleadings in this cause establish prima facie the well founded nature of appellant’s motion, thereby entitling her to a hearing on the merits of her claim.
To prevent any conclusions contrariwise, we point out that we are not determining that appellant is entitled to the relief she requests, but only that she has established prima facie her right to be heard. It may well be that those proofs already adduced, or those which may be unveiled, will support a denial of relief.
Therefore, the interlocutory order appealed from is reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS, C. J., concurs.
ADAMS, ALTO (Ret.), Associate Judge, dissents, without opinion.