676 So.2d 49 (1996)
Martyn P. SEWARD, Appellant,
v.
Kathryn Lowe SEWARD, Appellee.
No. 95-2633.
District Court of Appeal of Florida, Fifth District.
June 28, 1996.
C. Michael Magruder, Kissimmee, for Appellant.
Nancy Y. Smith of Brinson, Smith, Smith & Starr, P.A., Kissimmee, for Appellee.
ANTOON, Judge.
In this dissolution action, Martyn Seward (the husband), appeals the non-final order awarding Kathryn Seward (the wife), $2,000 in temporary costs and $2,000 in temporary attorney's fees.[1] We affirm.
The trial court has broad discretion to award temporary costs and attorney's fees in a dissolution action based upon the parties' respective need and ability to pay. See Nichols v. Nichols, 519 So.2d 620 (Fla.1988). See also § 61.16, Fla.Stat. (1993). In awarding the wife costs and fees in this case, the trial court did not abuse its discretion. See Valentine v. Valentine, 244 So.2d 503 (Fla. 4th DCA 1970). In so ruling, we note that the court costs were incurred by the wife because the husband refused to disclose his financial documents and, as a result, the wife *50 was forced to subpoena the bank in order to obtain discovery of such records.
AFFIRMED.
PETERSON, C.J., concurs.
W. SHARP, J., concurs specially, with opinion.
W. SHARP, Judge, concurring specially.
I agree this case should be affirmed. No abuse of discretion in making the $2,000.00 temporary cost award and the $2,000 temporary attorney's fee award was shown. The proper basis for making such temporary, final, and appellate awards of costs and attorney's fees in dissolution cases is "considering the financial resources of both parties." § 61.16, Fla.Stat. (1995)
That is not necessarily the same thing as determining "need and ability to pay." In other words, a spouse need not be so financially strapped as to be unable to pay an attorney to represent him or her, in order to meet the criteria of the statute for an award of fees. Justice Barkett's opinion in Nichols v. Nichols, 519 So.2d 620 (Fla.1988) does not stand for that proposition.
In Nichols, the court approved the district court's opinion which spoke to ability to pay as being the primary criteria, in result only. Justice Barkett pointed to consideration of the financial resources of both parties, quoting section 61.16, as being the proper criteria. The intent of the statute is to put both parties on an equal footing regarding their ability to retain counsel and prosecute their respective suits. This position is also reflected in Standard Guaranty Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990), where the court stated:
[S]ection 61.16, Florida Statutes (1987), concerning attorney's fees in domestic relations cases, provides that "[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees." A party's financial resources can substantially restrict the amount of attorney's fees awarded. Our case law implementing this statute requires a judge to consider the needs of the party seeking a fee and the financial resources of the parties to assure that both parties receive adequate representation. A significant purpose of this fee-authorizing statute is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party. (emphasis supplied)
Id at 834. A spouse in a dissolution case should not be compromised in obtaining adequate legal representation because of having relatively inferior financial resources. See Emmel v. Emmel, 671 So.2d 282 (Fla. 5th DCA 1996).
NOTES
[1] Jurisdiction is proper pursuant to rule 9.130(a)(3)(C)(iii) of the Florida Rules of Appellate Procedure.