680 So.2d 624 (1996)
Donald William RAUSCH, Jr., Appellant,
v.
Terri Lynn RAUSCH, Appellee.
No. 95-2512.
District Court of Appeal of Florida, Fifth District.
October 11, 1996.
Patricia M. Myers of Myers & Moring, P.A., Crystal River, for Appellant.
Paul M. Hawkes, Crystal River, for Appellee.
ANTOON, Judge.
Donald Rausch appeals the final judgment dissolving his marriage to Terri Rausch, claiming that the trial court erred in awarding Terri rehabilitative alimony and attorneys' fees. We vacate the alimony award because the dissolution judgment fails to include the specific findings of fact required under section 61.08(1), Florida Statutes (1993). In all other respects, the final dissolution judgment is affirmed.
Section 61.08(1) states that, "in all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony."[1] The failure to comply with this statutory duty requires reversal by the appellate court and remand with instructions that proper findings be provided. Ingle v. Ingle, 640 So.2d 223 (Fla. 5th DCA 1994). Here, although evidence concerning the statutory factors was presented by the parties, the dissolution judgment must *625 be reversed because no findings of fact were set forth therein.
We are aware that there are ever increasing demands being placed on the trial bench and that the requirements of section 61.08 are somewhat burdensome. Nevertheless, compliance with the statute is essential in order to ensure that litigants have access to meaningful appellate review. In this regard, without proper findings of fact, a reviewing court is unable to determine the weight given the section 61.08(2) factors, and more importantly, whether the factors were even considered.
Furthermore, complete findings of fact will necessarily reduce the number of appeals. First, compliance will reduce the number of appeals filed alleging reversible error based upon the failure of the trial court to technically comply with the statutory requirements. Second, proper findings of fact explain to litigants and their attorneys how and why the trial court reached its decision regarding a party's claim for alimony. As a result, such rulings are easier to understand and therefore, less likely to be challenged.
Mr. Rausch also argues that the trial court erred in ruling that, since he has a "greater ability" to pay attorneys' fees, he "shall be obligated to pay a reasonable contribution for the wife's attorneys' fees and costs." We agree with Mr. Rausch that this is not the proper standard for determining an award of attorneys' fees.[2] However, the instant record does not yet contain an order requiring that Mr. Rausch make a specific contribution toward Ms. Rausch's fees. An order determining only the right to receive attorney's fees without setting the amount of such fees is a nonappealable order. Trans Atlantic Distributors, L.P. v. Whiland & Co. S.A., 646 So.2d 752 (Fla. 5th DCA 1994). Accordingly, the issue of Mr. Rausch's obligation to pay attorney's fees is not yet ripe for appellate review.
In conclusion, Ms. Rausch's award of alimony is vacated and this case is remanded to the trial court with directions that the trial court set forth findings of fact supporting the award of alimony. In all other respects, the final dissolution judgment is affirmed.
AFFIRMED in PART; VACATED in PART; and REMANDED.
PETERSON, C.J., and DAUKSCH, J., concur.
NOTES
[1] Section 61.08(2) of the Florida Statutes (1993) provides:

§ 61.08(2) Alimony.-
* * * * * *
(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
[2] The two-part test for considering an award of fees under section 61.16, Florida Statutes (1993) is (1) whether the spouse seeking a fee award is in financial need; and (2) whether the other spouse has the ability to pay those fees. Seward v. Seward, 676 So.2d 49 (Fla. 5th DCA 1996). This test facilitates the statute's purpose of enabling a financially disadvantaged spouse to receive adequate legal representation. The standard was approved by our supreme court in Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 835 (Fla.1990), wherein the court stated:

Our case law implementing [section 61.16] requires a judge to consider the needs of the party seeking a fee and the financial resources of the party to assure that both parties receive adequate representation. A significant purpose of this fee-authorizing statute is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party.